UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21538-KMM

JAMES E. MCDONOUGH, *et al.*,

    Plaintiffs,

v.

CITY OF HOMESTEAD, FLORIDA, *et al.*,

    Defendants.
_____/

## **OMNIBUS ORDER**

THIS CAUSE came before the Court upon Defendants City of Homestead, Alexander Rolle, Tom Mead, and Ricky Rivera's ("Homestead Defendants") Motion to Dismiss Amended Complaint With Prejudice, ("Homestead Defs.'s Mot.") (ECF No. 24), and Defendant George Gretsas's Motion to Dismiss Amended Complaint, ("Gretsas's Mot.") (ECF No. 25). Plaintiff filed responses in opposition. ("Resp. to Homestead Defs.'s Mot.") (ECF No. 31); ("Resp. to Gretsas's Mot.") (ECF No. 32). Defendants filed replies. ("Homestead Defs.'s Reply") (ECF No. 33); ("Gretsas's Reply") (ECF No. 34). The Motions are now ripe for review.

**I.    BACKGROUND**[1]

On April 21, 2021, Plaintiffs filed an Amended Complaint after severing their claims from *Rea v. City of Homestead*, 1:21-cv-20488-KMM, thereby initiating a separate cause of action. *See generally* Am. Compl. Plaintiffs are James E. McDonough ("J. McDonough") and his wife, Vanessa Lynn McDonough ("V. McDonough"), both of whom are citizens and residents of Miami-Dade County, Florida. *Id.* ¶¶ 16, 18. Defendant City of Homestead (the "City") is a

---

[1] The following background facts are taken from the Amended Complaint ("Am. Compl.") (ECF No. 1) and are accepted as true for purposes of ruling on this Motion to Dismiss. *Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV-MOORE/SIMONTON, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009).

municipality in Miami, Florida. *Id.* ¶ 20. Defendant George Gretsas ("Gretsas") was at all relevant times the City's manager and, as the chief executive officer of the City, had "ultimate and final policy-making authority and power over all personnel decisions, public records policy, and over policing policy." *Id.* ¶ 21. Defendant Alexander Rolle ("Rolle") was at all relevant times the City's police chief and "was the policy maker for the daily policing activities of the officers and support staff of the [City police]." *Id.* ¶ 22. Defendants Tom Mead ("Mead") and Ricky Rivera ("Rivera") were was at all relevant times police detectives with the City. *Id.* ¶ 23. Defendants "were all part of a continuing conspiracy and/or tort to violate Plaintiffs' civil rights," proof of which was discovered in the Summer of 2020 on flash-drives left in Gretsas's office after he was fired from a position he held in Palm Beach County. *Id.* ¶¶ 2–3. "On the flash-drives, City Manager Gretsas maintained Dossiers on Plaintiffs with false, defamatory, and/or illegally obtained information concerning Plaintiffs, which he strategically deployed and disclosed to third parties." *Id.* ¶ 3.

Plaintiffs bring seven (7) causes of action against Defendants: Violation of Civil Rights, 42 U.S.C. § 1983, by J. McDonough (Count I), *see id.* ¶¶ 64–99; Violation of Civil Rights, § 1983, by V. McDonough (Count II), *see id.* ¶¶ 100–119; Violation of the Driver Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 *et seq.*, by J. McDonough (Count III), *see id.* ¶¶ 120–125; Violation of the DPPA, §§ 2721 *et seq.*, by V. McDonough (Count IV),[2] *see id.* ¶¶ 126–130; Violation of Article I, Section 23, of the Florida Constitution (Count V), *see id.* ¶¶ 131–136, Violation of Article I, Section 12, of the Florida Constitution (Count VI), *see id.* ¶¶ 137–142; and Public Disclosure of Private Facts, *see id.* ¶¶ 143–149.

---

[2] Plaintiffs incorrectly labeled this as a second Count III, and incorrectly labeled all subsequent Counts. The Court fixes that error here.

Now, the Homestead Defendants and Defendant Gretsas move to dismiss the Amended Complaint on the following grounds: (1) the Amended Complaint is an impermissible shotgun pleading; (2) Plaintiffs' claims are barred by res judicata and a parallel, ongoing federal action; and (3) the Amended Complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Homestead Defs.'s Mot.; Gretsas's Mot.

## II.    LEGAL STANDARD

### A.    Impermissible Shotgun Pleading Standard

The United States Court of Appeals for the Eleventh Circuit has described impermissible shotgun pleadings at length:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citation omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "Courts in this district and the Eleventh Circuit have warned litigants that shotgun pleadings tend to impede the orderly, efficient, and economic disposition of disputes as well as the court's overall ability to administer

justice." *Pyatt v. Fla. Int'l Univ. Bd. of Trs.*, 1:20-CV-24085-BLOOM/Otazo-Reyes, 2020 WL 6945962, at *4 (S.D. Fla. Nov. 25, 2020) (citation and internal quotation marks omitted).

### B. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

Plaintiffs' Amended Complaint is no more than an attempt to either (1) supplement a different case pending before another Judge of this District; or (2) relitigate cases before other Judges of this District which have been dismissed; in one instance, dismissed with prejudice and affirmed on appeal. The fact that Plaintiffs have purportedly happened upon new evidence—flash-drives containing a dossier of information about Plaintiffs—does not change the

4

landscape. Plaintiff J. McDonough has filed several actions in this Court, sometimes with his spouse V. McDonough as co-Plaintiff, alleging various causes of action related to what he claims are constitutional violations or state law torts perpetrated by the City of Homestead and its employees. *See McDonough v. Mata*, 1:19-cv-21986-FAM (pending) (alleging violations of Plaintiff's First and Fourth Amendment rights and false arrest against three defendants, including the City of Homestead, related to events that transpired in August and September 2016 and which serve as a substantial basis for Plaintiff's claims in the instant matter); *McDonough v. Porter*, 1:19-cv-23717-UU (dismissed without prejudice) (alleging violations of Plaintiff's First and Fourteenth Amendment rights against a former mayor, among others); *McDonough v. City of Homestead*, No. 17-23227-Civ-Scola, 2018 WL 11250006 (S.D. Fla. June 5, 2018), *aff'd*, 771 F. App'x 952 (11th Cir. 2019) (per curiam) (dismissed with prejudice) (alleging violations of Plaintiff's First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, conspiracy, false imprisonment, violation of HIPAA confidentiality and privacy rights, violation of the DPPA, abuse of process, defamation per se, *Monell* liability, intentional infliction of emotional distress, and loss of consortium, over thirty-two (32) counts lodged against thirty-six (36) defendants, including four (4) of the five (5) defendants named in the instant lawsuit); *McDonough v. City of Homestead*, No. 16-245254-Civ-Williams (S.D. Fla. Oct. 28, 2016) (dismissed without prejudice) (alleging violations of Plaintiff's First, Second, Fifth, and Sixth Amendment rights, conspiracy, retaliation, illegal seizure, false arrest, violation of driver privacy, malicious prosecution, abuse of process, personal injury, etc. over fifty-nine (59) claims against approximately forty (40) defendants, including four (4) of the five (5) defendants named in the instant lawsuit).

      The Court will not continue to expend its scarce judicial resources to appease vexatious litigants who repeatedly fail to follow Eleventh Circuit precedent and the Federal Rules of Civil

Procedure, regardless of whether represented by new counsel or not.  Plaintiffs' claims have either been dismissed with prejudice, *see McDonough*, 771 F. App'x 952 ("2017 lawsuit"), or are already pending before the Court, *see McDonough*, 1:19-cv-21986-FAM.  To the extent Plaintiff attempts to raise new claims, they otherwise fail on impermissible shotgun pleading grounds—to which these Plaintiffs are certainly no strangers.  *See McDonough*, 771 F. App'x 952, 956 (affirming the district court's dismissal with prejudice and discussing the plaintiff's various shotgun pleadings, including Appellant J. McDonough's admission on appeal that the complaint filed in the underlying action was a shotgun pleading).  Rather than sift through the Parties' arguments and counterarguments, the Court turns directly to its analysis of the issues presented.

The crux of the Amended Complaint's factual allegations spans from paragraphs 24 through 63.  *See* Am. Compl. ¶¶ 24–63.  Plaintiffs acknowledge at paragraph 46 that:

> Many of the allegations in paragraphs 30 to 45 are the subject of separate legal actions by Plaintiffs, and are set forth here to provide the necessary background and context to explain Defendants' actionable conduct set forth below.  They demonstrate a policy or pattern on the part of Homestead and Homestead police, as well as ratification of unlawful behavior.

*Id.* ¶ 46.  Plaintiffs are correct that these allegations are the subject of separate legal actions, which is precisely why they are not actionable here.  Specifically, the facts asserted at paragraphs 24 through 47 of the Amended Complaint were raised at great length in the earlier-filed action that was dismissed *with* prejudice.  *Compare* Am. Compl. ¶¶ 24–47, *with McDonough*, No. 1:17-cv-23227-RNS, ("Compl.") (ECF No. 1) ¶¶ 58–359.  And, the facts asserted at paragraphs 38 through 42 of the Amended Complaint are the subject of the earlier-filed pending action before another Judge of this Court.  *Compare* Am. Compl. ¶¶ 38–42, *with McDonough*, No. 1:19-cv-21986-FAM, ("SAC") (ECF No. 38) ¶¶ 8–52.  There is hardly anything new in the remaining factual allegations that is not, or could not have been, brought in these earlier filed actions.

"The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979) (alteration adopted)). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Id.* (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (additional citation omitted). In the Eleventh Circuit, if the following elements are present, a claim will be barred by prior litigation under the doctrine of res judicata: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

Here, each of Plaintiffs' federal claims have been raised in either prior or pending litigation—in some instances, both. While Plaintiffs' § 1983 claims (Counts I and II) would otherwise fail on impermissible shotgun pleading grounds,[3] the Court construes them to attempt to allege First, Fourth, and Fourteenth Amendment claims, as well as a *Monell* claim against the City, all based on the same factual predicate of past and present pending lawsuits. Further, the 2017 lawsuit included First, Fourth, and Fourteenth Amendment claims, a *Monell* claim against the city, and a DPPA claim, similar to the claims Plaintiffs assert here in Counts I through IV and again based on the same factual predicate—Plaintiffs' interactions with the City's law enforcement

---

[3] Plaintiffs' § 1983 claims attempt to assert several claims without separating them into different counts—a classic form of shotgun pleading. *See Weiland*, 792 F.3d at 1323 ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

officers over a series of years during which several purportedly false arrests were effected and Plaintiff J. McDonough was prevented from speaking at public meetings.[4] In the 2017 lawsuit, the Court entered a final judgment dismissing the Complaint *with* prejudice, which was affirmed on appeal by the Eleventh Circuit. Dismissal of a complaint with prejudice serves as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). The parties, and those in privity with them are the same here as in the 2017 lawsuit—both J. McDonough and V. McDonough were Plaintiffs to the 2017 lawsuit, as they are here, and four (4) of the five (5) Defendants named here were Defendants in the 2017 lawsuit. The only Defendant named here that was not named in the 2017 lawsuit is Defendant Rivera, a police detective who was in privity with Defendants when the 2017 lawsuit commenced. Further, the crux of the factual allegations in Plaintiffs' Complaint name Defendant Rivera only once. *See* Am. Compl. ¶ 55 ("Rivera then took over and continued the correspondence with the Special Agent for well over a year."). Accordingly, dismissal of Plaintiffs' federal claims (Counts I through IV) is appropriate under the doctrine of res judicata.

Left only with state law claims, the Court declines to exercise its supplemental jurisdiction. 28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction.

---

[4] Even if Plaintiffs' DPPA claims were not barred by res judicata, they fail to state a claim under Rule 12(b)(6). Specifically, Plaintiffs plead no facts to plausibly support their conclusory allegations that (1) Defendants City of Homestead and Defendant Rivera "knowingly obtained, disclosed and used personal information" from Plaintiffs' motor vehicle records for an impermissible purpose; and (2) one or more of Defendants City of Homestead, Gretsas, and Rivera "knowingly obtained, disclosed, or used the personal information of Plaintiff[s] from the DAVID/NCIC/FCIC motor vehicle record for a use not permitted by making a false representation to obtain information concerning Plaintiff[s]." *See* Am. Compl. ¶¶ 123–124, 128–129. The DPPA provides fourteen permissible uses, at least two of which could form the basis for the alleged motor vehicle record access alleged here. *See* 18 U.S.C. § 2721(b)(1) (use is permitted "by any government agency, including any . . . law enforcement agency, in carrying out its functions); § 2721(b)(4) (use is permitted "in connection with any civil, criminal, administrative [] proceeding in any Federal, State, or local court or agency . . . including . . . investigation in anticipation of litigation). Plaintiffs do not state for what impermissible purpose their records were purportedly accessed, nor what false representations were made.

28 U.S.C. § 1367(c)(3). In fact, dismissal of such a supplemental claim after dismissal of federal claims is encouraged. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. These claims may very well be the subject of pending actions in state court, if not the subject of the many claims this Court has already dismissed with prejudice.

## IV.    CONCLUSION

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Homestead Defendants' Motion to Dismiss (ECF No. 24) and Defendant Gretsas's Motion to Dismiss (ECF No. 25) are GRANTED. It is FURTHER ORDERED that Counts I through IV of Plaintiff's Amended Complaint are DISMISSED WITH PREJUDICE and Counts V through VII are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is instructed to CLOSE this case. Any pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *1st* day of September, 2021.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record