**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-21538-KMM

JAMES MCDONOUGH, *et al.*,

      Plaintiffs,

v

CITY OF HOMESTEAD, FLORIDA, *et al.*,

      Defendants.

_____/

<u>**REPORT AND RECOMMENDATION**</u>

**THIS MATTER** comes before the Court on Defendant George Gretsas's Motion to Determine Entitlement to Attorney's Fees (ECF No. 49) and Defendants City of Homestead ("City"), Chief of Homestead Police Alexander Rolle, Tom Mead, and Ricky Rivera's Motion to Determine Entitlement to Attorney's Fees (ECF No. 50). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, for a Report and Recommendation (ECF Nos. 51; 52). Plaintiffs James E. McDonough and Vanessa Lynn McDonough filed a Response (ECF No. 53), to which Defendants filed replies (ECF Nos. 54; 55). Upon consideration of the Motions, Response, Replies, and being otherwise duly advised in the premises, the undersigned **RECOMMENDS** that Defendants' Motions be **GRANTED**.

**I.**     **BACKGROUND**

Plaintiffs filed this suit against Defendants for violations under 42 U.S.C. § 1983 for depriving Plaintiffs of rights, privileges, and immunities secured by the federal and state

Constitutions as well as for supplemental state claims. (ECF No. 1 ¶ 1). The complaint generally alleges that Defendants engaged in a discriminatory and retaliatory course of conduct against Plaintiffs following Plaintiffs' attempt to file an Internal Affairs complaint against a Homestead Police Officer in the Spring of 2013. (*Id.* ¶ 25). In the years since this incident, Plaintiffs allege that Defendants have engaged in retaliatory conduct. (*Id.* ¶ 27).

In June 2020, Plaintiff J. McDonough was made aware of a Dossier that Defendants created on Plaintiff. (*Id.* ¶ 51). Proof of the Dossier was discovered on ten flash-drives left in Defendant Gretsas's office after being fired from his job with Palm Beach County. (*Id.* ¶¶ 2–3). "On the flash-drives, City Manager Gretsas maintained Dossiers on Plaintiffs with false, defamatory, and/or illegally obtained information concerning Plaintiffs, which he strategically deployed and disclosed to third parties." (*Id.* ¶ 3). The Dossiers "were created to perpetuate, communicate, or formalize knowledge within the scope of Defendant Gretsas' employment by the City." (*Id.* ¶ 4).

The procedural background of this suit actually derives from an earlier related suit raising identical allegations. *See William Rea v. The City of Homestead*, 1:21-cv-20488 (S.D. Fla. Feb. 4, 2021). Defendants there moved to dismiss the Complaint. (ECF Nos. 15; 16). Defendants argued that Plaintiffs' complaint was a shotgun pleading, it failed to state a claim on which relief could be granted, and that Plaintiffs' claims were barred by the doctrine of res judicata since they were raised in other cases or were previously dismissed. *See generally* (*Id.*). "Without expressing any views as to the Motions' merits" the district court entered an order "afford[ing] Plaintiffs an opportunity to cure the purported pleading defects by granting Plaintiffs leave to file an amended complaint." *Id.* (ECF No. 17).

Following the district court's order in *Rea*, the Plaintiffs filed an amended complaint in

that suit and separately filed the claims that initiated the instant action.[1]  Defendants again moved to dismiss Plaintiffs' Amended Complaint on the following grounds: the Amended Complaint was a shotgun pleading; Plaintiffs failed to state a claim; and Plaintiffs' claims were barred under the doctrine of res judicata because they were already litigated and dismissed in prior cases.  *See generally* (ECF Nos. 24; 25).

Following briefing by both parties, this Court granted Defendants' motions to dismiss and dismissed Plaintiffs' federal claims (Counts I–IV) with prejudice.  (ECF No. 44 at 8–9).  The Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims (Counts V–VII) and dismissed those without prejudice.  (*Id.*).  The Court found that Plaintiffs' federal claims were barred under the doctrine of res judicata because they incorporated facts underlying prior cases that were not actionable in this case.  (ECF No. 44 at 8).  The Court also held that Plaintiffs' § 1983 claims in Counts I and II of the Amended Complaint "would otherwise fail on impermissible shotgun pleading grounds."  (*Id.* at 7, n.3).

Plaintiffs filed a motion to reconsider the Court's Dismissal Order (ECF No.45).  Following briefing by the parties, the Court denied Plaintiffs' motion and held that Plaintiffs failed to meet the burden of reconsideration.  The Court found "dismissal of Plaintiffs' federal claims (Counts I through IV) [was] appropriate under the doctrine of res judicata."  (ECF No. 44 at 8).  Furthermore,

---

[1] In the Dismissal Order, the Hon. K. Michael Moore noted that "Plaintiff J. McDonough has filed several actions in this Court, sometimes with his spouse V. McDonough as co-Plaintiff, alleging various causes of action related to what he claims are constitutional violations or state law torts perpetrated by the City of Homestead and its employees." (ECF No. 44 at 5); *see McDonough v. City of Homestead*, No. 1:16-cv-24524-KMW (S.D. Fla. Oct. 28, 2016) (dismissing plaintiff's claims without prejudice); *McDonough v. City of Homestead*, No. 17-23227-Civ-Scola, 2018 WL 11250006 (S.D. Fla. June 5, 2018), *aff'd*, 771 F. App'x 952 (11th Cir. 2019) (per curiam) (dismissing the case with prejudice because it was "related and substantially indistinguishable to a case previously filed by plaintiff James Eric McDonough before Judge Kathleen Williams."); *see McDonough v. Mata*, No. 1:19-cv-21986-FAM (denying plaintiff's motion for summary judgment and granting Defendants' motion for summary judgment); *McDonough v. Porter*, No. 1:19-cv-23717-UU (dismissing plaintiff's complaint without prejudice).

3

"[t]here [was] no basis to seek reconsideration of the observation that the Amended Complaint was a shotgun pleading." (*Id.* at 6).

Defendants now move to determine entitlement to attorney's fees under 42 U.S.C. § 1988, and in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 7.3. (ECF Nos. 49; 50).

## II.     STANDARD OF REVIEW

In the United States, it is the general rule that in the absence of explicit statutory authority, litigants must pay their own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602–603 (2001); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 415 (1978). However, Congress has authorized courts to deviate from this background rule in certain cases by shifting fees from one party to another. *Fox v. Vice*, 563 U.S. 826, 832 (2011). Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of sections . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." *See Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1296 (11th Cir. 2021).

To determine whether the Defendants were the prevailing parties in this action, the Court examines whether the district court's judgment rebuffed Plaintiffs' efforts to effect a material alteration in the legal relationship between the parties. *See B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019), *cert denied*, 141 S. Ct. 618 (2020). In other words, the Court conducts a practical examination of whether "the case [was] resolved in the defendant's favor." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 432 (2016).

If a defendant is deemed to be a prevailing party, that defendant may only be awarded attorneys' fees under 42 U.S.C. § 1988 "upon a finding that the plaintiff's action was frivolous,

unreasonable, or without foundation, even though not brought in subjective bad faith," or "that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 415 (1978).  "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14, (1980).

It is not necessary for a party to show that the opposing party brought their claims in bad faith when seeking attorney's fees. *Christiansburg*, 434 U.S. at 419–21.  However, a finding of bad faith—even if not subjective bad faith—constitutes a basis for attorneys' fees regardless of Sullivan's three factors. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 n. 6 (11th Cir.1996).

The frivolity of a claim must be determined on a case-by-case basis. *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1190 (11th Cir. 1985).  In determining whether a suit is frivolous, "a district court must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981).

According to *Sullivan*, the United States Court of Appeals for the Eleventh Circuit has established three elements for courts to follow when determining frivolity.  They are referred to as the *Sullivan* factors: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or had a full-blown trial on the merits."  773 F.2d at 1189.  Although foundational in making the determination, "[t]he *Sullivan* factors . .  are general guidelines only, not hard and fast rules." *Id.* (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1177 (11th Cir. 2005)) (internal quotation marks omitted).

Additionally, "even if the other three *Sullivan* guidelines are present in favor of a

defendant, this court may not award fees if the claims asserted warranted close attention." *Steffens v. Nocco*, No. 8:19-CV-1940-KKM-AAS, 2022 WL 1467353, at *3 (M.D. Fla. Apr. 21, 2022), *report and recommendation adopted*, No. 8:19-CV-1940-KKM-AAS, 2022 WL 1459551 (M.D. Fla. May 9, 2022) (citing *Beach Blitz Co.*, 13 F.4th at 1302).

### III.   DISCUSSION

Here, Defendants are the prevailing parties.  The Court dismissed each of Plaintiffs' claims on all counts, thereby rebuffing Plaintiffs' opportunity to litigate the claims and resolving the case in Defendants' favor.  *See CRST*, 578 U.S. at 432. Plaintiffs do not even contest in their Response Defendants' status as prevailing parties.  Accordingly, the analysis moves to the application of the *Sullivan* factors.  Because the Court disposed of Plaintiffs' Federal and State law claims on different grounds, they are analyzed separately below.

#### a.   Plaintiffs' Federal Claims (Counts I–IV)

Plaintiffs bring four federal causes of action against Defendants: Violation of Civil Rights, 42 U.S.C. § 1983, by J. McDonough (Count I), (ECF No. 1 ¶¶ 64–99); Violation of Civil Rights, § 1983, by V. McDonough (Count II), *see* (*id.* ¶¶ 100–119); Violation of the Driver Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 *et seq.*, by J. McDonough (Count III), *see* (*id.* ¶¶ 120–125); and Violation of the DPPA, §§ 2721 *et seq.*, by V. McDonough (Count IV),[2] *see* (*id.* ¶¶ 126–130).

Defendants argue that Plaintiffs did not plead anything close to a prima facie case with respect to these claims.  (ECF No. 49 at 4); *see* (ECF No. 50 at 6) ("[T]he frivolity of this case . . . was obvious from its inception.").  Defendants contend that Plaintiffs' pleadings contain several

---

[2] Plaintiffs mislabel Count IV as a second Count III in their Amended Complaint.  We fix this error here.

deficiencies, including shotgun pleading, claims barred by res judicata, and a failure to state a claim. Defendant Gretsas relies on the Dismissal Order, noting that the Court found Plaintiffs' "pleading constituted an impermissible shotgun pleading because it attempted 'to assert several claims without separating them into different counts.'" (ECF No. 49 at 4) (citing ECF No. 44 at 7).

In response, Plaintiffs contend that the pleading deficiency, if any, is not necessarily indicative of whether a claim is frivolous. (ECF No. 53 at 12). They argue that Defendants have previously litigated a demand for fees following the dismissal of a complaint on the basis of shotgun pleading and their motion was subsequently denied. (*Id* at 13). Specifically, Hon. Robert N. Scola held in a prior case that "[b]ecause the dismissal was on shotgun pleading grounds, the Court's prior orders do not provide a basis to find this case "frivolous, unreasonable or without foundation" on the merits . . . And it is not appropriate to undertake such a merits inquiry for the first time at the sanctions stage." *McDonough*, 2019 WL 3753792 at *1 (ECF No. 143 at 2).

Defendants further argue that Plaintiffs present no prima facie case because this action was initiated as an offshoot of *Rea*, which involved the same parties and in which Plaintiff also filed pleadings with defects, including shotgun pleading and claims barred by res judicata. 1:21-cv-20488-KMM. In that case, the Court allowed the same Plaintiffs "an opportunity to cure the purported pleading defects" by filing an amended complaint or responding to the then pending motion to dismiss. *Id.* (ECF No. 17). Instead of curing these purported deficiencies, Defendants assert that Plaintiffs severed some of its claims and realleged claims barred on res judicata grounds. In response, the Plaintiffs argue that "due to shotgun pleading issues, a determination of whether the newly discovered conduct created a prima facie case was not made." (ECF No. 53 at 12).

7

Applying *Sullivan*, factor one weighs in support of finding Plaintiffs' claims frivolous because Plaintiffs' federal claims were dismissed with prejudice. *Kohler v. Garlets*, No. 8:13-CV-2502-T-27EAJ, 2014 WL 12617466, at *1 (M.D. Fla. May 13, 2014) (weighing factor one in support of frivolity because the plaintiff's case was dismissed with prejudice before trial); *see Steffens v. Nocco*, No. 8:19-CV-1940-KKM-AAS, 2022 WL 1467353, at *2 (M.D. Fla. Apr. 21, 2022), *report and recommendation adopted*, No. 8:19-CV-1940-KKM-AAS, 2022 WL 1459551 (M.D. Fla. May 9, 2022) (finding *Sullivan* factor one weighed in favor of a party seeking fees when four out of five of opposing party's claims were dismissed with prejudice). The Court has recently reiterated this conclusion in denying Plaintiffs' Motion to reconsider the Dismissal Order (ECF No. 56) because "the Court granted Defendants' motions and dismissed Plaintiffs' federal claims in the Amended Complaint . . . with prejudice under the doctrine of res judicata." (*Id.* at 1).

Courts are generally reluctant to award defendants fees following a dismissal on res judicata grounds. *Webber v. Mills*, 597 F. Supp. 316, 319 (S.D. Fla. 1984). However, when counsel for a plaintiff becomes "fully cognizant of the fact that his clients had unsuccessfully raised the claims asserted [ ] in prior state court proceedings," plaintiff's counsel should have known that "recycling those same claims in federal court" would be improper. *Lozman v. City of Riviera Beach*, 2012 WL 12855579, at *5 (S.D. Fla. July 25, 2012), *report and recommendation adopted*, 2012 WL 12855461 (S.D. Fla. Sept. 21, 2012) (internal quotation marks and citations omitted). "Ultimately, a prevailing defendant will only be granted attorney's fees under 42 U.S.C. § 1988 when the claim is dismissed on res judicata grounds if the plaintiff or plaintiff's attorney 'knew, or as a conscientious attorney should have known that the claims being raised in the federal case were precluded on res judicata grounds." *Id.* (quoting *Aller v. New York Bd. Of Elections*, 586 F.

Supp. 603, 605 (S.D.N.Y. 1984).

Here, it was "so clearly apparent" that "Plaintiffs' [claims were] barred by *res judiciata*," thus precluding them from establishing a prima facie case. *Club Madonna, Inc. v. City of Miami Beach*, 13-CV-23762, 2015 WL 13740727, at *5 (S.D. Fla. Aug. 10, 2015) (recommending grant of attorneys' fees). This Court found that "Plaintiffs' Amended Complaint is no more than an attempt to either (1) supplement a different case pending before another Judge of this District; or (2) relitigate cases before other Judges of this District which have been dismissed; in one instance, dismissed with prejudice and affirmed on appeal." (ECF No. 44). The Dismissal Order and Order denying Plaintiffs' Motion to reconsider also emphasize that Plaintiffs' Civil Rights claims under 42 U.S.C. § 1983 fail on "impermissible shotgun pleading grounds," thus further bolstering Defendants' argument that Plaintiffs failed to establish a prima facie case. (*Id.* at 7, n.3).

As noted in the Order and on the face of the Amended Complaint, Plaintiffs brought claims alleging violations of the First, Fourth, and Fourteenth Amendments, as well as a *Monell* claim against the City of Homestead, all based on the same factual predicate of past lawsuits.[3] (ECF No. 44 at 7). In Judge Scola's Order dismissing Plaintiffs' complaint in a prior iteration of this action, Judge Scola wrote, "[t]his case was dismissed on shotgun pleading grounds because [Plaintiffs' counsel] refiled a 'tangled mess comprising 94 pages of incoherent and largely irrelevant conclusory allegations after Judge Williams previously notified [Plaintiffs' counsel] of similar concerns in an earlier dismissal order in a related case.'" (ECF No. 80) (internal quotation marks omitted) (citing *McDonough*, No. 17-23227-Civ-Scola, 2019 WL 3753792 at *1). Plaintiffs fail

---

[3] Monel provides the framework for municipal liability in § 1983 cases and states that a municipality cannot solely be premised on the existence of an employer-employee relationship with a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

to explain the why they expressly incorporate non-actionable background facts into their various federal law claims in this case.  (ECF No. 56 at 4).  Thus, Plaintiffs knew or should have known that filing claims based on the same underlying facts as past lawsuits would be barred.

As for the second and third *Sullivan* factors, the Parties concede that neither side made an offer to settle nor made any attempts to settle, and the case was dismissed prior to trial.  (ECF No. 49 at 5); (ECF No. 50 at 4); (ECF No. 53 at 12).  Based on the record and Plaintiffs' arguments, the Court agrees that factors two and three weigh in Defendants' favor.

The Parties did not brief the fourth *Blitz* factor.  Considering the Amended Complaint and record, the Parties' claims were not meritorious enough to warrant careful attention and review. Plaintiffs alleged the same federal claims in prior lawsuits, thus leaving the district court in a position where it did not have to provide any specialized review of Plaintiffs' claims.  (ECF No. 44 at 7).  Thus, this factor also weighs in favor of a finding of frivolity.

Considering Plaintiffs' history of litigating these claims and the Court's determination that res judicata applies to Counts I–IV, the Court finds that Plaintiffs "knew, or . . . should have known that the claims being raised in the federal case were precluded on res judicata grounds." *Lozman*, 2012 WL 12855579, at *5.  Accordingly, the Court recommends granting Defendants' Motion with respect to fees incurred in defending against Counts I-IV.

### a.  State Claims

The Court declined to exercise its supplemental jurisdiction as to Counts  V–VII.  (ECF No. 44 at 8–9).  Under 42 U.S.C. § 1988, a prevailing defendant may only recover reasonable attorney's fees that arise from a frivolous claim; non-frivolous claims, even those that are unsuccessful, are not compensable.  *Fox*, 563 U.S. at 836. As mentioned above, *see supra* at 3, a court determines the prevailing party by examining whether the district court's judgment rebuffed

10

Plaintiffs' efforts to effect a material alteration in the legal relationship between the parties.  *See*

*B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019).

The Court declined to consider the merits of Counts V–VII and dismissed them without prejudice.  Thus, the Court essentially remanded the claims for Plaintiffs to litigate in state court. In *Drury v. Volusia Cnty., Fla.*, a district court also encountered a plaintiff alleging multiple unsuccessful federal claims while also litigating state claims that were dismissed without prejudice.  No. 6:10-CV-1176-ORL-28, 2012 WL 1405692, at *3 (M.D. Fla. Mar. 16, 2012), *report and recommendation adopted*, No. 6:10-CV-1176-ORL-28, 2012 WL 1405673 (M.D. Fla. Apr. 23, 2012).  In that case, the Court denied the motion for fees, holding that "the Court did not pass on the merits of those state law claims, and (obviously) there is no finding that the state claims are frivolous."  *Id.* at *3.

Plaintiffs filed federal claims that were dismissed with prejudice, and like the court in *Drury*, the Court here did not find the state law claims frivolous.  Although the undersigned found Plaintiffs' federal claims frivolous, the state law claims can be parsed out from the federal claims and Defendants will only be awarded fees for defending the frivolous federal claims.  In *Fox*, the Supreme Court found that while it was appropriate to award attorneys' fees to successful defendants when a plaintiff's civil rights claim was found to be frivolous, only those attorney's fees that would not have been incurred but for the plaintiff's frivolous civil rights claim were recoverable by the defendant.  563 U.S. at 838.  Consistent with the Supreme Court's holding in *Fox*, the Defendants in this case may not receive compensation for any fees paid for in the absence of the frivolous claims.  *Id.* at 840–41.  Thus, the undersigned recommends that Defendants may only recover fees for the costs incurred working on Plaintiffs' frivolous federal claims.

### IV.    CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Determine Entitlement to Attorneys' (ECF Nos. 49; 50) be **GRANTED in part and DENIED in part**.[4]

A party shall serve and file written objections, if any, to this Report and Recommendation with the K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."   11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida this 15th day of July, 2022.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record

---

[4] Defendant Gretsas also argues that Plaintiffs' claims were brought in bad faith although Defendants' request for fees is not premised on a bad faith argument, citing *Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1050–52 (M.D. Fla. 2003).  However, Defendants rely on an application of the *Sullivan* factors to demonstrate their entitlement to fees, and advance no argument or basis for the Court to base the award on a finding of bad faith.