UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21538-KMM

JAMES E. MCDONOUGH, *et al.*,

    Plaintiffs,
v.

CITY OF HOMESTEAD, *et al.*,

    Defendants.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant George Gretsas's Motion to Determine Entitlement to Attorney's Fees (ECF No. 49) and Defendants City of Homestead, Alexander Rolle, Tom Mead, and Ricky Rivera's ("Homestead Defendants") Motion to Determine Entitlement to Attorneys' Fees Pursuant to 42 U.S.C. § 1988 (ECF No. 50). Plaintiffs James E. McDonough and Vanessa Lynn McDonough ("Plaintiffs") filed a joint response to the motions ("Resp.") (ECF No. 53), to which Defendant Gretsas and the Homestead Defendants each replied. ("Homestead Reply") ("ECF No. 54); ("Gretsas Reply") (ECF No. 55). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, who issued a Report and Recommendation recommending that Defendants' Motions be GRANTED IN PART. ("R&R") (ECF No. 57). Plaintiffs filed a timely objection ("Obj.") (ECF No. 58), to which Defendant Gretsas and the Homestead Defendants each responded. ("Homestead Resp.") (ECF No. 60); ("Gretsas Resp.") (ECF No. 61). The matter is now ripe for review.[1] As set forth below, the Court ADOPTS the R&R.

---

[1] The Court assumes familiarity with the facts and procedural history, which are set forth in the Report and Recommendation. *See* R&R at 1–3.

I.  **LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see Lopez v. Berryhill*, No. 1:17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge must "evaluate portions of the R & R not objected to under a clearly erroneous standard of review.").

II.  **DISCUSSION**

As set forth in the Report and Recommendation, Magistrate Judge Louis finds that Defendants are entitled to attorney's fees incurred defending against the federal claims brought by Plaintiffs. *See generally* R&R. Judge Louis makes the following findings: (1) Defendants were the prevailing parties; (2) Plaintiffs' federal claims were dismissed with prejudice under the

doctrine of *res judicata*; (3) Plaintiffs' civil rights claims failed on shotgun pleading grounds; and (4) Plaintiffs knew or should have known that filing claims based on the same underlying facts as past lawsuits would be barred. *Id.* at 7–10. Accordingly, Judge Louis concludes that the *Sullivan* factors favor a finding that Plaintiffs' federal claims were frivolous. *Id.*; *see Sullivan v. Sch. Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985) ("Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."). Judge Louis ultimately "recommends that Defendants may only recover fees for the costs incurred working on Plaintiffs' frivolous federal claims." R&R at 11. Because the Court dismissed Plaintiffs' state claims without prejudice, Jude Louis recommends that Defendants not be awarded fees for the costs incurred working on Plaintiffs' non-frivolous state claims. *See id.*

In their objection, Plaintiffs argue that their federal claims should not be considered frivolous despite—by their own concession—satisfying this Circuit's test for frivolity. *See generally* Obj. Instead, Plaintiffs argue that their "federal claims should never have been found to be frivolous on *res judicata* grounds." *Id.* at 9. Plaintiffs "concede[] that all three *Sullivan* factors weigh in favor of Defendants" in finding Plaintiffs' federal claims frivolous but nonetheless argue that their "careful and deliberate effort . . . to distinctly separate the prior facts from the new facts" in their Amended Complaint should preclude any finding of frivolity. *Id.* at 7.

The Court disagrees. As Judge Louis highlights in her Report and Recommendation, this Court found that "Plaintiffs' Amended Complaint is no more than an attempt to either (1) supplement a different case pending before another Judge of this District; or (2) relitigate cases before other Judges of this District which have been dismissed; in one instance, dismissed with

3

prejudice and affirmed on appeal." R&R at 9 (quoting "Omnibus Order" (ECF No. 44) at 4). Plaintiffs offer no persuasive reasons why the Court should set aside the *Sullivan* factors and the Court's own assessment of Plaintiffs' claims in its Omnibus Order (ECF. 44) and Order on Plaintiffs' Motion for Reconsideration (ECF No. 56). As the Homestead Defendants correctly point out, Plaintiffs' instant objection amounts to little more than an effort to relitigate the underlying Motions to Dismiss (ECF Nos. 24, 25) and Motion for Reconsideration (ECF No. 45). *See generally* Homestead Resp. Accordingly, the Court finds Plaintiffs' objection to be without merit.

### III.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Report and Recommendation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's Report and Recommendation (ECF No. 57) is ADOPTED. Defendant George Gretsas's Motion to Determine Entitlement to Attorney's Fees (ECF No. 49) and Defendants City of Homestead, Alexander Rolle, Tom Mead, and Ricky Rivera's Motion to Determine Entitlement to Attorneys' Fees Pursuant to 42 U.S.C. § 1988 (ECF No. 50) are GRANTED IN PART and DENIED IN PART in accordance with Magistrate Judge Louis's Report and Recommendation.

DONE AND ORDERED in Chambers at Miami, Florida this *29th* day of September, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record