UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21538-KMM

JAMES E. McDONOUGH and
VANESSA LYNN McDONOUGH,

        Plaintiffs,

v.

THE CITY OF HOMESTEAD, *et al.*,

        Defendants.
_____/

**DEFENDANT GEORGE GRETSAS'S
VERIFIED MOTION FOR ATTORNEY'S FEES**

Pursuant to this Court's Orders (*see* [ECF Nos. 44, 56, 57, 63]), Federal Rule of Civil Procedure 54, 42 U.S.C. § 1988, and Southern District of Florida Local Rule 7.3, Defendant George Gretsas moves this Court for an entry of an order awarding reasonable attorney's fees incurred against Plaintiffs, James E. McDonough and Vanessa Lynn McDonough.

**I.    INTRODUCTION**

This Motion assumes the Court's and the parties' familiarity with the factual and procedural background of this case, which is set forth in detail in the Court's Report and Recommendation. *See* [ECF No. 57] 1-4. Briefly, the Court entered an Order granting in part and denying in part Gretsas's motion to determine entitlement to attorney's fees. *See* [ECF No. 63]; *see also generally* [ECF No. 57] (providing detailed analysis on the issue of Gretsas's entitlement to attorney's fees). The Court did so following its Orders on Defendants' motions to dismiss and Plaintiffs' motion for reconsideration. *See* [ECF Nos. 44, 56]. Presently, Gretsas seeks an award of attorney's fees relating to Plaintiffs' federal claims in the amount of $16,654.95 because these claims were frivolous, unreasonable, and groundless, and Plaintiffs continued to litigate after that

became clear. Gretsas also requests an award of attorney's fees incurred in connection with litigating attorney's fees in this matter.

II.   ANALYSIS

*__The hourly rates sought are reasonable__*. Gretsas seeks recovery of $16,654.95 in this matter, broken down as follows:[1]

| Professional | Hours | Total |
|---|---|---|
| Gerald E. Greenberg, Esq. | 14.75 | $3,230.25 |
| Brian Toth, Esq. | 28.2 | $6,175.80 |
| Andrew Figueroa, Esq. | 15.1 | $3,306.90 |
| Andrew Fuller, Esq. | 18.00 | $3,942.00 |
|  |  | $16,654.95 |

An award of attorney's fees is calculated by using the lodestar method, which is the number of reasonable hours expended multiplied by the reasonable hourly rate for each timekeeper involved. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (quotation marks and citation omitted). The relevant legal community is "the place where the case is filed." *Id.* at 437 (quotation marks and citation omitted).

---

[1] Initially, Plaintiffs improperly joined multiple, unrelated claims on behalf of *five* different plaintiffs against Gretsas in *Rea v. City of Homestead*, No. 21-cv-20488 (S.D. Fla. Feb. 4, 2021). A few months later, Plaintiffs pursued severed claims against Gretsas in this action. *See* Am. Compl. [ECF No. 1]. To calculate attorney's fees from Plaintiffs' case's inception to the severance thereafter, Gretsas applies a reduction of 40 percent, as Plaintiffs comprised 2 out of the 5 plaintiffs in the initial action, to all attorney's fees and hours expended for those billing time periods.

In light of the experience and expertise of the attorneys from Gelber Schachter & Greenberg, P.A., the attorney's hourly rates were reasonable and indeed well below the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Since the inception of the case, Gelber Schachter & Greenberg, P.A. undertook the entirety of the work in representing Gretsas. Gretsas's litigation team was led by Gerald Greenberg, along with Brian Toth, Andrew Figueroa, and Andrew Fuller, all experienced attorneys with years of complex litigation experience, including in the First Amendment and civil rights areas.

Gerald Greenberg is a founding shareholder of Gelber Schachter & Greenberg, P.A. and was lead counsel on this matter. He graduated from Yale Law School in 2000. Mr. Greenberg has been licensed to practice law since 2001 and admitted to the Southern District of Florida since 2006. He served as a law clerk to the Honorable Stanley Marcus on the United States Court of Appeals for the Eleventh Circuit and the Honorable Allyne Ross on the Eastern District of New York before serving as an Assistant United States Attorney in the Southern District of Florida and then entering private practice. Mr. Greenberg has extensive experience handling a broad range of high-stakes criminal, regulatory, and complex commercial litigation matters for corporate, individual, and public clients. He also has extensive experience litigating matters for local municipalities and their officials. Mr. Greenberg's firm biography is available at: https://www.gsgpa.com/attorneys/gerald-greenberg/.

Andrew Figueroa is an associate at Gelber Schachter & Greenberg, P.A. He graduated from Florida International University College of Law in 2017. Mr. Figueroa clerked for both the Honorable Cecilia M. Altonaga of the United States District Court for the Southern District of Florida and for the Honorable Vance E. Salter of the Third District Court of Appeal of Florida.

Mr. Figueroa's firm biography is available at: https://www.gsgpa.com/attorneys/andrew-figueroa/.

Brian Toth is a former partner of Gelber Schachter & Greenberg, P.A, who worked on the case before opening his own law firm (Toth Funes P.A.) in the summer of 2021. He graduated from University of Miami School of Law and clerked for the Honorable Cecilia M. Altonaga of the United States District Court for the Southern District of Florida. Mr. Toth has extensive experience in all aspects of litigation at trial and appeal.

Andrew Fuller is a former associate at Gelber Schachter & Greenberg, P.A., who worked on the case before opting to leave the firm in the summer of 2021. A former law clerk to the Honorable Paul C. Huck in the Southern District of Florida, Mr. Fuller graduated from University of Florida Law School and worked in private practice before clerking. He remains in private practice at Nelson Mullins in Miami.

All attorneys worked on this case at the rate of $219.00 per hour,[2] representing a substantial discount from their normal hourly rates. The firm agreed to this low rate as an accommodation to the City of Homestead, which was providing indemnification for Gretsas. Although the firm will reduce rates for municipal clients, this rate is far lower than that offered even in similar matters. Indeed, Mr. Greenberg's currently hourly rate in standard matters is $700.00, and all attorneys in the firm bill significantly more than the rates charged in this case. It is thus readily apparently that the $219.00 per hour rate is reasonable for the purposes of the Court's analysis and well below comparable rates in the South Florida legal community. *See, e.g.*, *Strategic Mktg., Inc. v. Great Blue Heron Software, LLC*, No. 15-cv-80032, 2017 WL 1284773, at *6 (S.D. Fla. Feb. 16, 2017) (finding that a rate of $375.00 per hour was reasonable); *Pretka v. Kolter City Plaza II, Inc.*, No. 09-80706-Civ, 2015 WL 11256556, at *2 (S.D. Fla. July 13, 2015) (finding that an hourly rate of

---

[2] Plaintiffs do not object to Gretsas's counsel's reasonable hourly rate.

$560 per hour was appropriate for a partner with twenty years of experience (citing case)); *Rubenstein v. Fla. Bar*, No. 14-cv-20786, 2015 WL 1470633, at *3 (S.D. Fla. Mar. 31, 2015) (findings rates of $550 per hour, $600 per hour, $500 per hour, and $350 per hour was reasonable in a case involving alleged First Amendment violations by the Florida Bar); *Hermosilla v. Coca-Cola Co.*, No. 10-21418-Civ, 2011 WL 9364952, at *21 (S.D. Fla. July 15, 2011) (awarding $425/hour per partner and $225/hour per associate).

**_The hours expended are reasonable_**. In this Circuit, district courts analyze twelve factors to determine the reasonableness of attorney's fees requested by a prevailing party. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) (establishing guidelines for courts to follow in determining fee requests). Those twelve factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008).

*The time and labor required*. The time and diligent effort expended by Gretsas's counsel to achieve the dismissal supports the requested fee. Detailed listings of the hours worked and services performed by Gretsas's attorneys are attached as Exhibit B to Mr. Greenberg's Declaration (*see* Exhibit A). Services rendered were recorded contemporaneously and accurately by this firm in increments of one tenth of an hour. All of the hours of work were necessary and required to achieve the successful result at the motion-to-dismiss stage.

*The novelty and difficulty of the case*. The issues involved in connection with this litigation required a high level of skill and the ability to be able to quickly analyze and brief complex issues.

5

Considerable time was spent briefing multiple motions to dismiss and in reconstructing what actually was being alleged and what actually occurred in this case, as contrasted with the allegations made in the complaint and amended complaint.

*The requisite skill to perform the legal services properly*. This criterion is addressed to the Court's assessment of the attorneys based on its observation of "the attorney's work product, his [or her] preparation, and general ability before the court." *Johnson*, 488 F.2d at 718. This criterion asks, initially, whether Gretsas's lawyers were competent and experienced to do the job assigned and whether they are deserving of the commercial rate for lawyers engaged in litigation in federal court. Here, Gretsas's attorneys have extensive experience in federal court and otherwise have substantial legal skill and expertise both in the area of civil rights and First Amendment litigation.

*The preclusion of employment*. While this case did not preclude counsel from other employment, significant amount of work was required to properly analyze Plaintiffs' allegations as well as to develop a specific strategy to expose Plaintiffs' meritless and barred claims.

*The customary fee*. Gretsas retained Gelber Schachter & Greenberg, P.A. to defend this action on an hourly basis. As discussed above, the hourly rate and attorney's fees sought by Gelber Schachter & Greenberg, P.A. are well below the rate and fees customarily charged by attorneys and firms involved in litigation matters. The $219.00 hourly rate is reasonable based on the experience, reputation, and abilities of the attorneys.

*Whether the fee is fixed or contingent*. The fee agreement between Gelber Schachter & Greenberg, P.A. and Gretsas is not contingent; it is based on the number of hours billed at well below the firm's standard, non-contingent rate.

*The time limitations imposed by the client or the circumstances*. No time limitations existed.

*The amount involved and the results obtained*. The relief being sought by the Plaintiffs in this matter was significant. As to the result obtained, Gretsas prevailed in defending against Plaintiffs' federal claims with the Court granting motions to dismiss with prejudice and denying Plaintiffs' motion for reconsideration. From the inception of this case and throughout this litigation, Gretsas had no alternative but to proceed and vigorously defend against all of the claims that were brought against him by Plaintiffs. Where "the result was excellent," as here, "then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302.

*The experience, reputation, and ability of the attorneys*. Gelber Schachter & Greenberg, P.A. is a well-established and respected law firm. As discussed, and detailed above, the partners and associates who worked on this litigation case are experienced in matters of this kind and familiar with district courts and state courts across Florida.

*The "undesirability" of the case*. This case was not undesirable. Gelber Schachter & Greenberg, P.A. is privileged to have had the opportunity to represent Gretsas in this matter and appear before the Court in these proceedings. Even at the reduced rates described above, the firm values and appreciates its local government practice.

*The nature and length of the professional relationship with the client*. This litigation was the first occasion in which Gelber Schachter & Greenberg and Gretsas shared a professional relationship. Gretsas's attorneys dedicated nearly 18 months to this litigation, and over that time developed an open and trusting attorney-client relationship with Gretsas. The relationship that developed between the parties surely helped counsel effectively represent Gretsas and obtain a successful outcome on his behalf.

*Awards in similar cases*. The awards in similar cases support the fee range sought here. *See, e.g.*, *Strategic Mktg., Inc.*, 2017 WL 1284773; *Pretka*, 2015 WL 11256556, at *2; *Rubenstein*,

7

2015 WL 1470633, at *3; *Hermosilla*, 2011 WL 9364952, at *21.

**<u>*Gretsas is entitled to recover all of his attorney's fees*</u>**. Although Gretsas appreciates and understands that the Court awarded fees for the federal claims, not the state claims that were not dismissed with prejudice, he requests that all fees be granted because the work on the federal claims was inextricably intertwined with the work on the state claims.

"[W]here the claims involve a common core of facts and are based on related legal theories, a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorneys' fees are sought." *Mukamal v. Swire Pac. Holdings, Inc.*, No. 08-23444-Civ, 2011 WL 13173589, at *3 (S.D. Fla. July 29, 2011) (quotation marks omitted); *id.* ("In other words, where the counts are so inextricably intertwined that reasonable apportionment of the attorneys' time [is] impractical a full fee may be awarded."); *Weitz Co., LLC v. Transp. Ins. Co.*, No. 08-23183-Civ, 2009 WL 5064118, at *4 (S.D. Fla. Dec. 16, 2009) ("When facts supporting all causes of action are so intertwined that apportionment is not feasible, the court may award the prevailing party all attorney's fees."); *see also United States v. Jones*, 125 F.3d 1418, 1430 (11th Cir. 1997) (fee award for entire litigation appropriate when a claim that provides for a recovery of attorney's fees is inextricably intertwined with other allegations); *Brown Jordan Int'l, Inc. v. Carmicle*, 2017 WL 5633312, at *4 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted in* 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017) (declining to "parse counsel's time entries" because the "facts and claims are so closely related").

Here, the claims are inextricably intertwined such that it would be impossible to separate fees incurred on the federal claims from those on the state claims. Put another way, Gretsas should be allowed to recover all of his attorney's fees without any apportionment between specific counts of the complaint and amended complaint because all of Plaintiffs' claims are inextricably

8

intertwined and according to the Court, all stem from prior actions alleging "various causes of action related to what [Plaintiffs] claim[] are constitutional violations or state law torts perpetrated by the City of Homestead and its employees." [ECF No. 44] at 5; *see Restivo v. Hessemann*, 846 F.3d 547, 592 (2d Cir. 2017) (awarding fees under section 1988 on claims other than prevailing claims where "the successful claims were inextricably intertwined with the unsuccessful claims" and where "the successful and unsuccessful claims involved both a common core of facts and were based on related legal theories.").

That said, understanding the Court's ruling, if the Court does want to apportion the fees, Gretsas notes that the federal claims represented four of Plaintiffs' seven claims, or 57.2% of the claims. Although a higher percentage would certainly be justified since the federal claims occupied significant attention and the filing in federal court increased the time and effort necessary for motions practice, Gretsas should be awarded—at a minimum—57.2% of the total fees if the Court is inclined to grant something less than the total amount. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

**_Fees-on-Fees award_**. Gretsas is entitled to compensation for attorney time expended post-merits in establishing his right to recover attorney's fees under 42 U.S.C. § 1988. *See Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 799 (11th Cir. 2003) ("It is well-settled that fees-on-fees are permitted under § 1988 even though Congress did not explicitly provide for fees-on-fees therein."). Gretsas seeks approximately $7,577.40 for 34.6 hours incurred in preparing

9

attorney's fees motion(s) (Gerald Greenberg: 5.3 hours; Andrew Figueroa: 29.3 hours),[3] and will submit an updated estimate of the hours and fees spent litigating this Motion through the date of the reply brief. *See Pierre-Louis v. Baggage Airline Guest Servs., Inc.*, No. 19-cv-61306, 2021 WL 3710139, at *23 (S.D. Fla. Aug. 4, 2021*), report and recommendation adopted in* 2021 WL 3709265 (S.D. Fla. Aug. 20, 2021) (recommending $17,547.20 in attorney's fees in connection with the litigation regarding fee recovery).

### III.   CONCLUSION

For all these reasons, this Court should grant Gretsas's Motion for attorney's fees, award Gretsas $16,654.95 in attorney's fees, and award Gretsas his fees incurred litigating attorney's fees.[4]

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Defendant George Gretsas's counsel conferred with all parties or non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion. As required by the Local Rules, Gretsas timely served a draft of this Motion on Plaintiffs on October 28, 2022, 30 days or more before the due date for this Motion. On November 16, the parties held a meet and confer by phone during which they discussed the substance of the present Motion. The parties were unable to reach an agreement. Plaintiffs indicate they do not object to counsel's hourly rate but nevertheless maintain that Gretsas is not entitled to recover any of his attorney's fees in this matter.

---

[3] The provided attorney's fees and hours are up and until October 26, 2022. Gretsas reserves the right to supplement and update the amount of fees and hours incurred litigating attorney's fees in this matter.

[4] Certain billing invoices contain entries related to the McDonoughs' appeal in this matter. To be clear, Gretsas does not include, nor is he seeking, any attorney's fees related to the pending appeal in this Motion.

## VERIFICATION

Under penalty of perjury, I declare that I have read Gretsas's Verified Motion for Attorney's Fees, pursuant to 42 U.S.C. § 1988, and the facts alleged therein are true and correct.

_____
GERALD E. GREENBERG
Florida Bar No. 440094

**SWORN TO AND SUBSCRIBED** before me this _28_ day of November, 2022, by _Gerald E. Greenberg_, who is personally known to me or has produced _____ as identification.

_____
Notary Public

State of _Florida_

MEGAN ESPINOZA
Commission # GG 353256
Expires August 3, 2023
Bonded Thru Budget Notary Services

11

Dated: November 28, 2022                    Respectfully Submitted,

                                                                                                         */s/Gerald E. Greenberg*
Gerald E. Greenberg
Florida Bar No. 440094
ggreenberg@gsgpa.com
Andrew T. Figueroa
Florida Bar No. 1002745
afigueroa@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Phone: (305) 728-0965
E-service: efilings@gsgpa.com

*Counsel for Defendant George Gretsas*