UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-21538-KMM

JAMES E. MCDONOUGH and VANESSA
LYNN MCDONOUGH,

        Plaintiffs,

v.

THE CITY OF HOMESTEAD, FLORIDA,
et al.,

        Defendants.
_____/

### DEFENDANT, CITY OF HOMESTEAD'S VERIFIED MOTION FOR ATTORNEYS' FEES, PURSUANT TO 42 U.S.C. § 1988

Defendant, City of Homestead ("City"), Chief of Homestead Police Alexander Rolle, Tom Mead, and Ricky Rivera (collectively, "Homestead Defendants") pursuant to 42 U.S.C. § 1988 and Local Rule 7.3, S.D. Fla. L.R., respectfully request that the Court enter an order awarding attorneys' fees against Plaintiffs, James Eric McDonough and Vanessa McDonough (collectively, "Plaintiffs"), jointly and severally, in an amount equal to the fees unnecessarily incurred by the Homestead Defendants in defending this action. The total amount claimed is $41,037.33, which include a percentage of fees incurred prior to Plaintiffs' severance of this case from their initial filing in *William Rea, et al. v. City of Homestead, et al.*, Case No. 21-20488-KMM (S.D. Fla. Feb. 4, 2021) ("Initial Action") through the conclusion of the above-styled action ("Refiled Action").

Following the Court's order granting the motions to dismiss [ECF No. 44], filed by the Homestead Defendants and Defendant, George Gretsas ("Gretsas") (collectively, "Defendants"), Defendants filed motions to determine their entitlement to attorneys' fees. *See* ECF Nos. 49, 50.

Because the Court determined Plaintiffs' federal claims were barred by *res judicata* and noted Plaintiffs' history of vexatious litigation, Defendants sought a determination from the Court that they are entitled to attorneys' fees, pursuant to 42 U.S.C. § 1988. Following Magistrate Judge Louis' report and recommendation [ECF No. 57] recommending that Defendants' motions be granted in part[1] and Plaintiffs' objection to the report [ECF No. 58], the Court overruled Plaintiffs' objection and adopted the report in full. ECF No. 63. Accordingly, this Motion addresses the compensable amount sought against Plaintiffs on behalf of the Homestead Defendants.[2]

## ARGUMENT

**I.      STANDARD OF REVIEW FOR AN ATTORNEYS' FEE AWARD.**

In assessing the reasonableness of a request for attorneys' fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorneys' services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorneys' services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

---

[1]      Specifically, Magistrate Judge Louis' report and recommendation granted fees for work related to the federal claims, which she determined were frivolous, but not for fees related to the state law claims. ECF No. 57, at 8-10. However, and as set forth more fully herein, the federal and state law claims were inextricably intertwined, meriting an award of all fees incurred in the Refiled Action and a percentage of the fees in the Initial Action.

[2]      Gretsas, who is represented by separate counsel, is filing similar motion regarding the amount of compensable attorneys' fees contemporaneously herein.

## II. FACTORS SUPPORTING THE REQUESTED ATTORNEYS' FEE AWARD.

The Homestead Defendants seek a total of $41,037.33 for the expended hours by Anne R. Flanigan, Esq.; Matthew H. Mandel, Esq.; Matthew J. Pearl, Esq.; Eric L. Stettin, Esq.; Samuel I. Zeskind, Esq.; and Charles M. Garabedian, Esq.[3] A breakdown of the respective hours sought for each timekeeper in the Initial and Refiled Actions is set forth in the table below:

| Time Keeper | Rate | Hours | Total (Rate x Hours x % Deduction)[4] |
|---|---|---|---|
| Matthew H. Mandel | $217.06 | Initial Action: 36.3 | $217.06 x 36.3 x 40% = $3,151.71 |
| | | Refiled Action: 32.5 | $217.06 x 32.5 = $7,054.45 |
| Anne R. Flanigan | $217.06 | Initial Action: 50.3 | $217.06 x 50.3 x 40% = $4,367.24 |
| | | Refiled Action: 49.2 | $217.06 x 49.2 = $10,679.35 |
| Matthew J. Pearl | $217.06 | Initial Action: 50.7 | $217.06 x 50.7 x 40% = $4,401.98 |
| | | Refiled Action: 22.3 | $217.06 x 22.3 = $4,840.43 |
| Eric L. Stettin | $217.06 | Initial Action: 27.5 | $217.06 x 27.5 x 40% =$2,387.66 |
| | | Refiled Action: 0 | 0 |
| Samuel I. Zeskind | $217.06 | Initial Action: 15.6 | $217.06 x 15.6 x 40% = $1,354.45 |
| | | Refiled Action: 4.8 | $217.06 x 4.8 = $1,041.88 |
| Charles M. Garabedian | $217.06 | Initial Action: 0 | 0 |
| | | Refiled Action: 8.1 | $217.06 x 8.1 = $1,758.18 |
| | | | = $41,037.33 |

In support thereof, the Homestead Defendants state as follows, pursuant to Local Rule 7.3(a)(2)-(5):

a. *The Order Giving Rise to the Motion and Statutory Basis For The Award*

---

[3]  In recognition that the lodestar method requires the fee applicant to exercise "billing judgment," the Homestead Defendants have redacted time entries for which they are not seeking fees. *See Norman v. Housing Auth. Of City of Montgomery*, 836 F.3d 1292 (11th Cir. 1988). These redactions and adjustments to the total sum sought by the Homestead Defendants are not, however, a concession that the total amount billed was unreasonable or excessive. Indeed, each timekeeper in this matter added value to the defense of this action. The Homestead Defendants are merely engaging in adjustments to aid the Court in the lodestar analysis. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (stating the essential goal for the court is to "do rough justice, not to achieve auditing perfection").

[4]  The total fee amount claimed in the Initial Action is $15,663.04 and $25,374.29 in the Refiled Action.

On September 1, 2021, this Court granted the Homestead Defendants' motion to dismiss (as well as Gretsas' motion [ECF No. 25]), and dismissed this action with prejudice. ECF No. 44. Specifically, the Court determined that Plaintiffs' federal claims were barred by the doctrine of *res judicata*, of which Plaintiffs knew or should have known from the inception of Plaintiffs' claim in the Initial Action. *Id.* Additionally, the Court adopted Magistrate Judge Louis' report and recommendation, finding that the federal claims were frivolous, based on the factors set forth in *Sullivan v. Sch. Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985). Accordingly, the Homestead Defendants and Gretsas are the prevailing parties. Section 1988, Title 42 are the statutory basis for the Homestead Defendants' entitlement to award.

### b. *The Amount of Attorneys' Fees Sought.*

The Homestead Defendants have retained and are represented by Weiss Serota Helfman Cole & Bierman, P.L. ("Weiss Serota"), and seek against Plaintiffs, jointly and severally, $41,037.33 in attorneys' fees incurred since the inception of this litigation on February 4, 2021, before this Court, *see William Rea, et al., v. City of Homestead, et al.*, Case No. 21-cv-20488-KMM (S.D. Fla. Feb. 4, 2021) through Plaintiffs' subsequent severance (giving rise to the Refiled Action) and, ultimately, the Court's order adopting Magistrate Judge Louis' report and recommendation as to Defendants' attorneys' fee entitlement.[5] ECF No. 44.

Plaintiffs' claims in the Initial Action were based on the same nucleus of facts, asserted nearly identical causes of action, and suffered the same shotgun pleading deficiencies as the Amended Complaint in the Refiled Action. *See* ECF No. 1; Case No. 21-cv-20488-KMM, ECF No. 1. For example, in both the Refiled Action and the Initial Action, Plaintiffs asserted Section

---

[5] *See Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 799 (11th Cir. 2003) ("It is well-settled that fees-on-fees are permitted under § 1988 even though Congress did not explicitly provide for fees-on-fees therein.").

1983 claims, which the Homestead Defendants challenged on *res judicata* grounds in both actions. *See* ECF No. 24; Case No. 21-cv-20488-KMM, ECF No. 16. Nonetheless, The Homestead Defendants recognize that the Initial Action included three additional plaintiffs, from which Plaintiff severed their claims. Accordingly, the Homestead Defendants seek only 40% of the total fees incurred in defending the Initial Action until severed into the Refiled Action, as a representative portion of the time expended on Plaintiffs' claims in that action specifically. The total fee amount claimed in the Initial Action is, therefore, $15,663.04.

Additionally, the Homestead Defendants further recognize that Magistrate Judge Louis' report stated, "Defendants in this case may not receive compensation for any fees paid for in the absence of the frivolous claims." ECF No. 57, at 11 (citing *Fox v. Vice*, 563 U.S. 826, 840-41 (2011)). However, because Plaintiffs' federal and state claims in the Refiled Action were inextricably intertwined based on the same nucleus of facts, the Homestead Defendants submit that all of the claimed fees in the Refiled Action should be awarded.[6]

In *Fox v. Vice*, the Supreme Court found that "a court can award fees for both frivolous and non-frivolous claims, even if only the frivolous claim can legally result in a damages award." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cty. Fla.*, No. 20-CV-21084, 2021 WL 6932163, at *6 (S.D. Fla. Aug. 18, 2021), *report and recommendation adopted*, No. 20-21084-CIV, 2022 WL 42437 (S.D. Fla. Jan. 5, 2022) (citing *Fox*, 563 U.S. 826, 836 (2011)). "This situation arises when the attorney performs work useful to defending against both claims but did so only because of the defendant's monetary exposure on the frivolous charge." *Id.* (citing *Fox*, 563 U.S. at 836). Indeed, the Court need not apportion a fee award for pendent state claims and frivolous federal claims where both "arise out of the same nucleus of facts." *Club Madonna, Inc.*

---

[6] A review of the undersigneds' billing, moreover, reflects that the fees are not capable of being apportioned by cause of action.

*v. City of Miami Beach*, No. 1323762CIVLENARDGOOD, 2015 WL 5559894, at *7 (S.D. Fla. Sept. 22, 2015) (citing *Church of Scientology of Cal. v. Cazarez*, 638 F.2d 1272, 1290 (5th Cir. 1981) (finding that the district court did not err in granting attorney fees for the entire case where both counts arose out of the same nucleus of facts and it would have been "impossible to accurately apportion the time appellee's attorneys spent on the civil rights claim and on the nonfederal defamation claim")[7]; *Munson v. Milwaukee Bd. Of Sch. Dir.*, 969 F.2d 266, 272 (7th Cir. 1992) ("When the federal and pendent claims are factually or legally related, they should be treated as one action for the purpose of 1988 fee awards."); *Zabkowicz v. West Bend Co., Div. of Dart Indus., Inc.*, 789 F.2d 540 (7th Cir. 1986) (noting it is useful to "focus on whether the claims seek relief for essentially the same course of conduct" in determining whether claims are related or not)); *see also Zivojinovich v. Ritz Carlton Hotel Co., LLC*, 2007 WL 9718626, *5 (M.D. Fla. Aug. 6, 2007) ("Courts have recognized that attorney's fees may be paid for the entire claim in instances where a state claim and a federal claim are so inextricably intertwined that it would be impossible to separate the time spent defending one claim as opposed to the other.") (citation omitted), *report and recommendation adopted*, 2007 WL 9718628 (M.D. Fla. Nov. 26, 2007).

Here, a review of both Plaintiffs' claims and the Homestead Defendants' bills reflects that the claims were so inextricably intertwined, that fees should not be apportioned between the frivolous federal claims and the state claims. Plaintiffs' state law claims incorporated the same factual allegations as Plaintiffs' frivolous, federal causes of action. ***Indeed, the Amended Complaint does not contain any factual allegations in the state law claims that were not also***

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*incorporated into at least one federal cause of action.*[8] Thus, like in *Club Madonna* – where (like here) the court found the Section 1983 claim was barred by *res judicata* and determined that the plaintiff had waived the pendant, state law contract claim – fees should be awarded for the totality of the Refiled Action. 2015 WL 5559894, at *7 (S.D. Fla. Sept. 22, 2015).

    c. *The Applicable Fee Agreement*

Pursuant to the terms of the City's retainer agreement, the City is billed at a blended hourly rate for the legal services of Weiss Serota of $217.06 for each timekeeper. *See* Affidavit of Matthew H. Mandel, Esq. (attached hereto as Exhibit "A"). Based on this rate, the minimum billable amount for each task is 0.2 hours. *Id.*

    d. *The Identity, Experience, and Qualifications for Each Timekeeper*

Matthew H. Mandel, Esq., has over twenty years of litigation experience, specifically in the field of federal civil rights litigation. Mr. Mandel graduated *magna cum laude* from University of Miami Law School; he also obtained his bachelors of arts from the University of Miami. He has a number of published decisions in both federal and state court and has been routinely recognized as one of Florida's top lawyers and legal elite. Mr. Mandel regularly handles civil rights trials in both federal and state court. Additionally, Mr. Mandel has been the chair of Weiss Serota's litigation department for nearly twelve years and is the former president of the Broward Chapter of the Federal Bar Association. Mr. Mandel was the primary litigation strategist and lead litigation counsel in this matter.

---

[8] *Cf.* ECF No. 1, Section 1983, Count I (incorporating ¶¶ 1-63); Section 1983, Count II (incorporating ¶¶ 1-23, 27, 33, 35-36, 58); DPPA, Count III (incorporating ¶¶ 1-23, 61); DPPA, Count III (incorporating ¶¶ 1-23, 62), *with* Art. I, § 23, Fla. Const., Count IV (incorporating ¶¶ 1-23, 45, 48, 53, 59); Art. I, § 12, Fla. Const. Count V (incorporating ¶¶ 1-23, 45, 53, 56-58, 60); common law public disclosure of private facts, Count VI (incorporating ¶¶ 1-23, 45, 57-58).

Anne R. Flanigan, Esq., is a seventh-year attorney and former federal law clerk in the District Court for the Southern District of Florida.[9] She routinely practices federal civil rights litigation and has several published opinions in federal and state court. Ms. Flanigan graduated from Columbia University and obtained her juris doctorate at Fordham Law School. Mr. Flanigan was the primary drafter of the filings on behalf of the Homestead Defendants in this matter.

Samuel I. Zeskind, Esq., is a *magna cum laude* graduate of St. Thomas University School of Law and has been practicing law for over fifteen years. Mr. Zeskind is the lead counsel on the numerous public records request lawsuits filed by Plaintiff, James McDonough. *See McDonough v. Sewell, et al.*, Case No. 19-035962 (Fla. 11th Cir. Ct. Dec. 12, 2019) (on-going public records suit); *McDonough v. City of Homestead, et al.*, Case No. 19-034861 (Fla 11th Cir. Ct. Nov. 27 , 2019) (on-going public records suit); *McDonough v. City of Homestead*, Case No. 19-06869 (Fla. 11th Cir. Ct. March 8, 2019) (on-going public records suit); *McDonough v. Stettin*, Case No. 17-017515 (Fla. 11th Cir. Ct. July 24, 2017) (on-going public records suit). The issues raised in these public records lawsuits, and specifically, the documents requested, dovetailed significantly with the factual issues raised in the Initial and Refiled Actions. *See, e.g.*, ECF No. 1, ¶ 3 (alleging the "dossiers" led to further public records requests); ¶ 49 (discussing documents obtained in public records requests); ¶ 59 (discussing documents related to public records requests and Plaintiff, Vanessa McDonough's subsequent lawsuit); (noting the "targeted" public records requests as a result of the flash drive's information). Accordingly, Mr. Zeskind provided institutional and historical input and strategy in both actions, particularly in light of the fact that at least one of Plaintiffs, James McDonough, had on-going public records lawsuits at the

---

[9] Ms. Flanigan's maiden name is "Anne Katherine Reilly." Her initials on the billing invoices appear as "AKR," rather than "ARF."

time of the Initial and Refiled Actions. In fact, some of the underlying public records requests made in those pending lawsuits were specifically referenced in the Initial and Refiled Actions. *See, e.g.*, ECF No. 1, ¶¶ 3, 49, 54, 59; Case No. 21-cv-20488-KMM, ECF No. 1, ¶¶ 4, 11, 12, 93, 94, 98 (S.D. Fla. Feb. 4, 2021). Mr. Zeskind also assisted in drafting filings during Ms. Flanigan's fall 2021 maternity leave and with client communications.

Matthew J. Pearl, Esq., serves as the City Attorney for the City of Homestead. Mr. Pearl is a graduate of Washington College of Law at American University and has over fifteen years' experience practicing municipal law. Mr. Pearl, as the City Attorney, was responsible for client communications in both the Initial and Refiled Actions and, therefore, reviewed the filings and provided strategy input for the City. *Am. Charities for Reasonable Fundraising Regul., Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1321 (M.D. Fla. 2003) (stating time spent by counsel communicating with the is necessary and compensable) (citing *Review Publ. Inc. v. Navarro*, case No. 89-CV-1187, 1991 WL 252962 (S.D. Fla. June 26, 1991); *Knop v. Johnson*, 712 F. Supp. 571, 578 (W.D. Mich. 1989) ("[o]bviously, . . . counsel ha[s] an ethical duty to communicate with their clients, and time spent on that task is compensable")).

Eric L. Stettin, Esq., is a seasoned litigator who has practiced municipal and commercial litigation for over thirty years. He has been recognized on the list of Best Lawyers in American for commercial litigation. Mr. Stettin was the point of contact for the Homestead Defendants' insurance carrier and third-party administrator when the Initial Action was commenced. Mr. Stettin's involvement was critical in identifying potential issues of conflict (thus, requiring separate representation for Mr. Gretsas), reservations of rights, and insurance coverage for Plaintiffs' alleged claims, particularly given the vast timespan of the allegations (dating back to

2012). Mr. Stettin's billing in this matter reflects his role as the third-party administrator and insurance liaison for coverage issues over Plaintiffs' claims.[10]

Charles Garabedian, Esq., is fifth-year associate and former federal law clerk in the District Court for the Middle District of Florida.[11] Mr. Garabedian took over the matter for Ms. Flanigan as the primary drafter in the Refiled Action while Ms. Flanigan was on maternity leave in fall 2021.

e. *The Number of Hours Reasonably Expended by Each Timekeeper*

In determining the number of hours reasonably expended, "the Court should be mindful that in complex civil rights litigation . . . issues are overlapping and intertwined. . . ." *Dowdell v. Apopka*, 698 F.2d 1181, 1187 (11th Cir. 1983) (quoting *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (*en banc*)). The hours expended by each timekeeper for whom fees are claimed are reasonable given the nature of the case, the number of claims and defendants, and the length of the litigation.

The Homestead Defendants seek fees stemming from the Initial Action through the date of Plaintiffs' severance of their claims from the Initial Action on April 21, 2021. As set forth more fully in the attached, redacted invoices,[12] attached hereto as Exhibit "B," Ms. Flanigan billed 50.3 hours; Mr. Mandel billed 36.3 hours; Mr. Stettin billed 27.5 hours; Mr. Zeskind billed 15.6 hours; and Mr. Pearl billed 50.7 hours in the Initial Action up and until Plaintiffs' severance on April 21, 2021. This total amount is $39,157.62. However, based on the fact that Plaintiffs

---

[10] Mr. Stettin did not bill for any time in the Refiled Action, as the coverage and conflict issues were resolved by the time Plaintiffs' claims were severed.

[11] Mr. Garabedian left Weiss Serota Helfman Cole & Bierman, P.L., during the pendency of this action.

[12] The Homestead Defendants have redacted the time entries and costs for which they are not seeking fees, as well as for any entries revealing counsels' mental impressions or work product.

represented two-fifths of the plaintiffs in the Initial Action, the Homestead Defendants seek a total of **$15,663.04** (40% of the total amount claimed).

In the Refiled Action, Ms. Flanigan billed 49.2 hours; Mr. Mandel billed 32.5 hours; Mr. Zeskind billed 4.80 hours; Mr. Garabedian billed 8.10 hours; and Mr. Pearl billed 22.3 hours. Based on these hourly amounts, the Homestead Defendants seek an award of fees for **$25,374.29** for the fees in the Refiled Action.

f. *A Description of the Tasks Done During Those Hours*

The redacted invoices, attached as Exhibit "B," describe the tasks performed during each time entry sought.

g. *The Hourly Rate Claimed for Each Timekeeper*

In order to determine a reasonable fee award, courts consider the number of hours expended on the case together with the customary hourly fees charged in the community for similar services. *See Norman v. Housing Auth. Of Village of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).

The Homestead Defendants request a rate of $217.06 for each timekeeper. Given the experience of the attorneys in this matter and the prevailing rates in the local community for civil rights litigation, these amounts are reasonable and, in fact, less than those charged by lawyers

11

with comparable skill and experience. *See, e.g.*, *Rubenstein v. Fla. Bar*, No. 2015 WL 1470633, *3 (S.D. Fla. Mar. 31, 2015) (finding rates ranging between $350.00 and $600.00 to be reasonable hourly rates for attorneys who practiced civil rights litigation).

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.3(a), S.D. Fla., Counsel for the Homestead Defendants certifies that they served this Motion in accordance with Local Rule 7.3, S.D. Fla. L.R., and conferred with Plaintiffs on Wednesday, November 16, 2022, via telephone. The parties were unable to resolve the issues raised in the Homestead Defendants' Motion, and Plaintiffs oppose the amount sought therein.

WHEREFORE, the Homestead Defendants respectfully request an order from the Court awarding attorneys' fees in the amount of **$41,037.33** jointly and severally against Plaintiffs, James Eric McDonough and Vanessa McDonough, and any further relief which the Court deems just and proper.

[Remainder of page intentionally left blank.]

## VERIFICATION

Under penalty of perjury, I declare that I have read the Homestead Defendants' Verified Motion for Attorneys' Fees, pursuant to 42 U.S.C. § 1988, and the facts alleged therein are true and correct.

/s/ Anne R. Flanigan
ANNE R. FLANIGAN
Florida Bar No. 113889

FURTHER AFFIANT SAYETH NOT

By: _____
Print Name: Anne R. Flanigan

**SWORN TO AND SUBSCRIBED** before me by means of ✓ physical presence or ____ online notarization this 28th day of November, 2022, by Anne R. Flanigan, who is personally known to me.

_____
Notary Public
State of Florida

My Commission Expires: 8/2/25
My Commission Number: 159684

13

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.