**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-21538-KMM

JAMES E. MCDONOUGH and
VANESSA LYNN MCDONOUGH,

    Plaintiffs,

v.

THE CITY OF HOMESTEAD, FLORIDA, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon two (2) motions for attorney's fees. First, Defendant George Gretsas ("Defendant Gretsas") filed his Verified Motion for Attorney's Fees ("Gretsas Motion" or "Gretsas Mot.") (ECF No. 66). Then Defendants City of Homestead, Chief of Homestead Police Alexander Rolle, Tom Mead, and Ricky Rivera (collectively, "Homestead Defendants") filed a Verified Motion for Attorney's Fees ("Homestead Motion" or "Homestead Mot.") (ECF No. 67). The Court referred both Motions to the Honorable Lauren F. Louis, United States Magistrate Judge. (ECF No. 68). In two separate Reports and Recommendations, Magistrate Judge Louis recommended that the Court grant in part and deny in part each Motion. *See* ("Gretsas R&R") (ECF No. 84); ("Homestead R&R") (ECF No. 85). Plaintiffs objected to both R&Rs. *See* ("Gretsas Obj.") (ECF No. 87); ("Homestead Obj.") (ECF No. 92). Each Defendant filed a response to the Objection relevant to their specific Motion. *See* ("Gretsas Resp.") (ECF No. 95); ("Homestead Resp.") (ECF No. 96). Because the content of both the R&Rs and the Objections are nearly identical, the Court addresses both Motions together. As set forth below, the Court ADOPTS both the Gretsas R&R and Homestead R&R.

## I. BACKGROUND

In her R&R's, Magistrate Judge Louis recommended that Defendant Gretsas be awarded attorney's fees in the amount of $22,551.52 and that the Homestead Defendants be awarded attorney's fees in the amount of $17,877.06. *See generally* Gretsas R&R; Homestead R&R. To determine these amounts, Magistrate Judge Louis employed largely the same analyses. She calculated the reasonable hourly rate and number of hours worked, analyzed the fees incurred for frivolous and non-frivolous claims, determined whether Defendants were entitled to fees arising out of a related action, and explained that Defendants should receive "fees-on-fees" for litigating the instant Motion.

Plaintiffs proffered nearly identical objections to both R&Rs, and accordingly, the Court will consider both Objections jointly. *See generally* Gretsas Obj.; Homestead Obj. To the extent Plaintiffs advanced any unique objections to a particular R&R, the Court will consider those objections separately.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No.

14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

**III.    DISCUSSION**

The instant Motions come before the Court because Defendants seek compensation for their labor defending against Plaintiffs' claims that this Court (and the Eleventh Circuit) held to be frivolous. After extensive briefing, an evidentiary hearing, and two very thorough Reports and Recommendations describing what fees Defendants are entitled to, Plaintiffs still maintain the position that Defendants should not be awarded any fees whatsoever. *See, e.g.*, Gretsas Obj. at 1 ("Plaintiffs respectfully request that this Court reject the R&R on Amount and find that Defendant George Gretsas is entitled to $0.00 in attorney's fees"); Homestead Obj. at 1 (same). Despite Plaintiffs' vigorous opposition to the R&Rs, their objections are deficient for both factual and legal reasons, which the Court describes below.

a.    None of Plaintiffs' Objections as to the Gretsas R&R are Availing

As explained above, Plaintiffs proffer multiple similar objections to both R&Rs. The Court will note where Plaintiffs do so and will address the objection as to both R&Rs jointly. Otherwise, the Court will address the unique objections separately. Regarding the Gretsas R&R, Plaintiffs make the following objections: (1) contrary to Magistrate Judge Louis's findings, most of the charges would have been incurred in the absence of the frivolous claims; (2) only work on the motion for reconsideration in this Action was incurred solely due to the frivolous allegations; (3) Defendant Gretsas did not object to being awarded fees only for the federal claims; (4) Magistrate Judge Louis improperly awarded Defendant Gretsas more than he requested; (5) there was no

3

evidentiary overlap between the federal and state claims; (6) Magistrate Judge Louis improperly apportioned fees based on the percentage of fees litigated; and (7) "fees-on-fees" are not appropriate. *See generally* Obj. Defendant Gretsas disputes each contention. *See generally* Gretsas Resp. The Court addresses each proper objection *de novo*.

### i. *Objections 1 and 2*

Plaintiffs first object to the Gretsas R&R's finding that the claimed fees would not have been incurred but for Defendant Gretsas's need to defend against the frivolous claims. Plaintiffs argue that "[m]any, if not all, of the charges here would have been incurred even in the absence of [Plaintiffs'] frivolous claims." Gretsas Obj. at 4.

The U.S. Supreme Court has explained that the dispositive question in determining if Defendant is entitled to fees for the non-frivolous claims is "whether [Defendant's] costs would have been incurred in the absence of the frivolous allegation[s]." *Fox v. Vice*, 563 U.S. 826, 836 (2011). Here, the Court agrees with the Gretsas R&R's conclusion. Plaintiffs' original complaint raised § 1983 and § 1985 claims against Defendants. *See William Rea v. The City of Homestead* ("*Rea* Action"), 1:21-cv-20488 (S. D. Fla. Feb. 4, 2021). Plaintiffs then filed an Amended Complaint in the instant Action asserting the same facts underlying the case in *Rea*, but also alleging related claims under state law. (ECF No. 1). The Gretsas R&R aptly summarized the Plaintiffs' maneuvering, explaining that "this pleading strategy by Plaintiffs does not change what was always essentially a suit based on the federal constitutional violations." Gretsas R&R at 13. Therefore, the Court rejects Plaintiffs' objection, and based on the evidence before it, finds that Defendant Gretsas would not have had to defend against all claims in this Action but for the

4

Plaintiffs' frivolous federal claims.[1] For that reason, the Court also rejects Plaintiffs' contention that the only fees incurred due to frivolous allegations were due to work on the motion for reconsideration. *See* Gretsas Obj. at 9.

                              ii.       *Objection 3*

Relatedly, Plaintiffs object to Magistrate Judge Louis's finding that all of Defendant Gretsas's fees were incurred as a result of the frivolous claims. Gretsas Obj. at 7. The crux of Plaintiffs' argument is that Magistrate Judge Louis previously issued a separate R&R ("Entitlement R&R") (ECF No. 57) on Defendant Gretsas's entitlement to attorney's fees (as opposed to the amount of fees to which Defendant Gretsas was entitled), where she recommended that Gretsas should be awarded fees for the labor on the federal but not state charges, to which Defendant Gretsas did not object. *See id.* at 7–8. Magistrate Judge Louis then revisited her earlier finding in the Entitlement R&R, and found that "with minor exception, all of Gretsas's fees were incurred as a result of the frivolous claims." Gretsas R&R at 12. According to Plaintiffs, because Defendant Gretsas did not object to the Entitlement R&R, Defendant Gretsas is unable to advance the argument that he is entitled to fees from both the federal and state claims, and Magistrate Judge Louis's findings permitting for such an award is improper. *See* Gretsas Obj. at 7–9.

Plaintiffs' argument is nothing more than displeasure with the notion that Magistrate Judge Louis, with the benefit of additional briefing, evidence, and testimony, changed her mind. As the Gretsas Response correctly identifies, "[a] court may revisit interlocutory orders at any time prior to a final judgment pursuant to Rule 54(b) or the Court's inherent authority." *Id.* at 3 (citing

---

[1] Plaintiffs also accuse Defendant Gretsas of "block-billing" without citation to anything in the record. *See* Gretsas Obj. at 6–7. Presumptively, Plaintiffs believe that this unsubstantiated accusation weighs in favor of their argument as to this objection. Plaintiffs do not, however, identify any erroneous factual finding related to block-billing to which they disagree, and thus, their assertion is not a proper objection.

5

*Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1242 (11th Cir. 2011)). The Court finds that Magistrate Judge Louis did not err by revising her earlier finding.

### iii.   Objection 4

Plaintiffs next object to the fact that Magistrate Judge Louis allegedly awarded Defendant Gretsas more money than he requested. Gretsas Obj. at 10. Defendant Gretsas sought $16,654.95 in his Motion, and Magistrate Judge Louis awarded him $22,551.52. *See* Gretsas R&R at 19. According to Plaintiffs, "[n]one of the calculations are shown, can be reproduced or understood, and how the amount of $22,551.52 was derived cannot be ascertained even after much work with a calculator." Gretsas Obj. at 10.

Plaintiffs' objection ignores key components of the Gretsas Motion as well as Magistrate Judge Louis's clear delineation of fees. First, Gretsas sought $16,654.95 *in addition to* fees incurred in connection with litigating the instant Motion. *See* Gretsas Mot. at 1–2. Secondly, on page 19 of the Gretsas R&R, Magistrate Judge Louis identifies the amount of fees awarded based on the phase of litigation, hours worked, and fees requested. *Id.* at 19. Therein, she calculated that for the *Rea* Action, this Action, Motion to Dismiss preparation, and *labor expended on the instant Motion*, Defendant Gretsas was entitled to $22,551.52 after applying a discount of $1,678.64. *Id.* After reviewing Magistrate Judge Louis's calculations, the Court agrees that the correct amount to which Defendant Gretsas is entitled to is $22,551.52. Plaintiffs' objection is denied.

### iv.   Objection 5

Plaintiffs contend that Magistrate Judge Louis erred because there is no evidentiary overlap between the federal and state claims and Defendant Gretsas cannot recover fees on unrelated state law claims. Gretsas Obj. at 11. Specifically, Plaintiffs argue that the federal claims "were essentially defamation in retaliation of protected First Amendment activities," while "at least one

of the state claims here was for public disclosure of private facts." *Id.* Though the Court notes that the Gretsas R&R devotes approximately seven pages describing the evidentiary overlap between the federal and state claims, the Court need not explain it further because this objection is improper. Plaintiffs brought this argument for the first time in their Objection, and thus, the Court need not consider it. *See* Gretsas Resp. at 4 (citing *Palma v. United States*, 15-cr-20169, 2020 WL 7332502, at *2 (S.D. Fla. Dec. 14, 2020) ("[T]he Court need not consider new arguments raised by Movant in his objections to the Report and Recommendation.")). The Court denies this objection.

### v. Objection 6

Plaintiffs also contest that Magistrate Judge Louis improperly apportioned attorney's fees based upon the percentage of claims litigated, thus running afoul of Eleventh Circuit precedent. *See* Gretsas Obj. at 12 (citing *Popham v. City of Kennesaw*, 820 F.2d 1570, 1579 (11th Cir. 1987)). But rather than apportioning the amount of fees based on the issues litigated (which Magistrate Judge Louis explicitly explained was impermissible), Magistrate Judge Louis examined the amount of work performed in (1) litigating the *Rea* Action, and (2) preparing the motion to dismiss of the federal claims. *See* Gretsas R&R at 17. In doing so, Magistrate Judge Louis found that because joint and several liability applies in § 1983 actions, and that Defendant Gretsas performed compensable work in the Motion to Dismiss, Defendant Gretsas was entitled to $6,491.16. *See id.* Absent from this discussion is any mention of apportionment based upon the percentage of claims litigated. Therefore, the Court denies this objection.

### vi. Objection 7

Finally, Plaintiffs object to Magistrate Judge Louis's finding that Defendant Gretsas is entitled to fees for litigating the instant Motion. *See* Gretsas Mot. Plaintiffs argue that this concept,

otherwise known as "fees-on-fees," is only available when a party is litigating whether it is *entitled* to attorney's fees, not when a party is seeking to determine the *amount* to which it is entitled. *See id.* Incredibly, one of the cases that Plaintiffs cite to in support of this proposition, and in fact the precise quotation they identify, holds the opposite. *See id.* (citing *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010) ("[W]e have allowed parties to recover the cost of establishing their right to, and the amount of attorneys' fees—the right to fees-on-fees.")). Not to be dissuaded, Plaintiffs attempt to convince the Court that the above quote is dictum. *See* Gretsas Obj. at 15–16. Not so. The Eleventh Circuit explained the legal principle that parties may recover fees-on-fees, and at this juncture, the Court will not accept Plaintiffs' invitation to contradict precedent.

The Court denies each of Plaintiffs' objections and adopts the Gretsas R&R.

  b. <u>None of Plaintiff's Objections as to the Homestead R&R are Availing</u>

In response to the Homestead R&R where Magistrate Judge Louis recommended that the Homestead Defendants receive $17,877.06, Plaintiffs proffered the following objections: (1) contrary to Magistrate Judge Louis's findings, most of the charges would have been incurred in the absence of the frivolous claims; (2) few fees were actually incurred solely due to the federal claims; (3) Magistrate Judge Louis improperly apportioned fees based on the percentage of fees litigated; (4) the Homestead Defendants did not object to being awarded fees only for the federal claims; (5) there was no evidentiary overlap between the federal and state claims; and (6) fees-on-fees are impermissible. *See generally* Homestead Obj. The Homestead Defendants dispute each objection and request that the Court adopt the R&R. *See generally* Homestead Resp.

Of the six objections that Plaintiffs make to the Homestead R&R, some are identical to the objections Plaintiffs made to the Gretsas R&R. Specifically, Plaintiffs advance the same arguments regarding apportionment of fees, that the Homestead Defendants did not object to being

8

awarded fees only for the federal claims, that there was no evidentiary overlap between the federal and state claims, and that fees-on-fees are not appropriate. *Compare* Homestead R&R, *with* Gretsas R&R. For the reasons articulated above, the Court denies those objections. Thus, the Court need only address the first two objections, namely, that the Homestead Defendants would have incurred fees absent the frivolous claims and that few fees were incurred solely due to those federal claims. While these objections are styled similarly to the objections to the Gretsas R&R, they contain some unique arguments warranting individualized consideration.

### i.     *Objection 1*

First, Plaintiffs raise the same argument as above that the Homestead Defendants would have incurred most of the fees even in the absence of the frivolous litigation. Homestead Obj. at 4–5. According to Plaintiffs, the Homestead Defendants' work on the *Rea* Action (the motion to dismiss), was nearly identical to the work they would have done in this Action, meaning that it "logically follow[s] that nearly all fees in the *Rea* Action would have been incurred even if the Plaintiffs never existed." *Id.* at 5. Further, Plaintiffs accuse the Homestead Plaintiffs of block-billing in the *Rea* Action, meaning that it "is nearly impossible to determine . . . which hours were incurred to deal solely with the [Plaintiffs'] federal claims." *Id.* Finally, Plaintiffs also claim that despite the frivolous federal claims in the instant Action, "work was still necessarily performed on the non-frivolous state claims." *Id.* at 6.

The Court finds Plaintiffs' arguments about the *Rea* Action unavailing. As the Court noted above, the dispositive question in determining if Defendants are entitled to fees for the non-frivolous claims is whether Defendants' costs would have been incurred in the absence of the frivolous allegations. *Fox*, 563 U.S. at 836. Similar to the Gretsas R&R, Magistrate Judge Louis found that the Homestead Defendants' efforts in the *Rea* Action "were useful and necessary to the

9

outcome here and would not have been incurred but for the frivolous, federal claims there alleged." Homestead R&R at 15. This Court agrees. As Magistrate Judge Louis found, "[t]he complaint in *Rea* was considered the original Complaint for this action by Plaintiffs," which the Plaintiffs subsequently amended. *See id.* Thus, this Court agrees that "counsel's efforts in the *Rea* Action were not only useful and necessary to advance this action, but the relatedness of the two lawsuits cannot be overstated." *Id.* As was the case with the Gretsas R&R, the Court finds that the Homestead Defendants would not have incurred fees in the *Rea* Action but for the frivolous claims from Plaintiffs.

Regarding Plaintiffs' argument as to the alleged "block-billing," Plaintiffs argue that the Homestead Defendants worked on the "non-frivolous" state claims in addition to the federal claims, but they did not adequately demonstrate how the work was delineated between the state and federal claims through their billing. Homestead Obj. at 6. But such an argument misses the point; even if the Homestead Defendants did "block-bill" their time (which Plaintiffs have not proven), Plaintiffs' specific objection to the Homestead Defendants' Time Entries are untimely and should have been sought at the meet-and confer stage. *See* S.D. Fla. L. R 7.3(b). According to Rule 7.3, during the meet-and-confer stage and upon filing the opposition, Plaintiffs were required to "describe in writing and with reasonable particularity each time entry or nontaxable expense to which [Plaintiffs] object[], both as to issues of entitlement and as to amount, and shall provide supporting legal authority." *Id.* Not only did Plaintiffs fail to file these objections in a timely manner, but Plaintiffs also fail to describe any specific entry with particularity. *See* Homestead Obj. at 6. Their untimely and generalized objections to the Homestead Defendants' billing practice have been waived.

                *ii.*     *Objection 2*

Relatedly, Plaintiffs also argue that only a few specific billing entries related solely to work due to federal claims. In particular, Plaintiffs identify one entry relating to *res judicata* allegations in the *Rea* Action and eight entries related to the motion for reconsideration of the dismissal work in the instant Action. *See* Homestead Obj. at 6–7. According to Plaintiffs, only these time entries may be compensable, but they were not timely sought, and thus, Defendants may not recover for any work done in the instant Action. *Id.* at 8. The Court has repeated time and again that Defendants would not have incurred any other related state-law claims if not for the frivolous federal claims Plaintiffs asserted in the instant Action. Therefore, the Court need not address Plaintiffs' argument that only these specific entries are compensable; the Court has already made its finding relevant to this argument. The Court denies this objection as well.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions (ECF Nos. 66, 67), the R&Rs, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&Rs (ECF Nos. 84, 85) are ADOPTED. The Gretsas Motion and the Homestead Motion are GRANTED IN PART and DENIED IN PART. Defendant Gretsas is awarded **$22,551.52** in attorney's fees, to be paid to Defendant Gretsas's counsel. The Homestead Defendants are awarded **$17,877.06** in attorney's fees, to be paid to the Homestead Defendants' counsel. The Motions are DENIED, in part, without prejudice to file a motion for attorney's fees incurred after filing of the instant Motions.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th_ day of September 2023.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record