UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21538-KMM

JAMES MCDONOUGH and
VANESSA MCDONOUGH,

    Plaintiffs,

v.

CITY OF HOMESTEAD, FLORIDA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Defendant George Gretsas ("Defendant Gretsas") and Defendants City of Homestead, Chief of Homestead Police Alexander Rolle, Tom Mead, and Ricky Rivera's (the "Homestead Defendants") Verified Supplemental Motions for Attorney's Fees. (ECF Nos. 109, 110).[1] Plaintiffs James E. McDonough ("Mr. McDonough") and Vanessa Lynn McDonough ("Mrs. McDonough") filed Responses (ECF Nos. 113, 114), to which Defendants filed Replies (ECF Nos. 115, 116). Upon consideration of the Motions, Responses, Replies, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that Defendants' Motions be **GRANTED, in part**, and **DENIED, in part**.

**I.  BACKGROUND**

This Report is intended only for the Court and the Parties, whose familiarity with the underlying claims and facts is assumed.

---

[1] The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation on the Motions. (ECF No. 111).

1

The instant Motion follows a determination of entitlement to attorney's fees under 42 U.S.C. § 1988, and an award of attorney's fees subsequent to the finding of entitlement. The Court previously held that Defendants were entitled to recover reasonable attorney's fees incurred in defending against Plaintiffs' federal claims. Defendants then moved for the entry of an award of reasonable attorney's fees incurred in the action and incurred in litigating attorney's fees for all claims raised, inclusive of the state claims. The Court found that Plaintiffs' federal, frivolous claims were the but-for cause of Defense counsel's time incurred in generally defending this action, with exceptions for time incurred that could be parsed between the frivolous and non-frivolous claims not relevant to the instant Motions. Ultimately, Defendant Gretsas was awarded attorney's fees in the amount of $22,551.52 and the Homestead Defendants were awarded attorney's fees in the amount of $17,877.06. Defendants now move for fees incurred while prosecuting the amount of award phase of their attorney's fees motions.

## II.     DISCUSSION

### A.     Gretsas's Motion for Attorney's Fees

Defendant Gretsas seeks an award of attorney's fees in the total amount of $9,395.10. Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

2

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

1. **Reasonable Hourly Rate**

Defendant Gretsas seeks an award of attorney's fees for time incurred by attorneys Gerald E. Greenberg and Andrew Figueroa at a rate of $219.00. Plaintiffs do not object[2] to the requested

---

[2] Plaintiffs generally object to the instant Motions because Plaintiffs argue that Defendants are not entitled to fees-on-fees. This same argument was previously addressed and rejected by the Court in ruling on Defendants' prior

3

hourly rates, and the Court has previously found these rates to reasonable in this matter. The Court has considered the skill requisite to perform the legal services properly; the customary fee; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. The Court has also drawn on its expertise on the issue of hourly rates. *Loranger*, 10 F.3d at 781. The requested rate for attorneys Greenberg and Figueroa are below market for attorneys of comparable skill, reduced for this specific representation, and eminently reasonable.

### 2. Reasonable Number of Hours Worked

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel*." *ACLU of Ga.*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *ACLU of Ga.*, 168 F.3d at 428.

Defendant Gretsas seeks to recover fees for a total of 42.9 hours litigating the previous motion for attorney's fees and attending and preparing for the evidentiary hearing.

---

motions for attorney's fees. *See* (ECF No. 84 at 19); (ECF No. 85 at 16–17); (ECF No. 97 at 7–9). Accordingly, the Court need not rehash its inapplicability.

4

The Court has reviewed counsel's itemized time entries as invoiced for the time period of December 7, 2022, until September 9, 2023, to determine whether the number of hours expended was reasonable in light of the task performed. I have also considered Plaintiffs' specific objections. Having reviewed the time records and considering Plaintiffs' objections and Defendant's responses thereto, I recommend that the Court award most but not all of the hours sought in Gretsas's current Motion.

While a client may retain multiple attorneys, the Court may not award time incurred by multiple attorneys without determining the unique, nonduplicative work performed by each. *Pena v. Facci of Merrick Park, Inc.*, No. 18-24296-CIV, 2020 WL 13390192, at *4 (S.D. Fla. Oct. 12, 2020). In this matter, Gretsas had two attorneys from the same firm working on this matter. As noted previously, I appreciate the inherent value that more than one lawyer brings to tasks like drafting and research, however, a number of billing entries still reflect time uniquely incurred *because* of the number of attorneys involved, such as time spent in conference or responding to each other. My review of the time entries reveals numerous instances of apparently duplicate efforts billed by the attorneys without explanation of the unique, nonduplicative value performed by each.[3]

To remedy the excessive number of hours billed as a result of more than one attorney working on the same task, I recommend that the Court award all hours incurred by Mr. Figueroa, who incurred the majority of time billed on the matter, but not the time incurred by Mr. Greenberg on those same tasks. However, having received his testimony at the evidentiary hearing, which separately informs this Court as to the necessity of Mr. Greenberg's time relating specifically to

---

[3] Multiple billers, for example, billed for preparing the reply to Defendant's prior motion for attorney's fees. (ECF No. 109-2 at 2). Multiple attorneys billed for drafting the responses to Plaintiffs' objections to the undersigned's Report and Recommendations. (*Id.* at 9). Each attorney billed for time to review each pleading and court order entered. (*Id.* at 2, 5, 6).

the hearing, I recommend that his time attributable to preparation for[4] and attendance at the hearing be included in the lodestar calculation.

Plaintiffs object to attorney's fees incurred for reviewing filings that pertain to the Homestead Defendants asserting that any such review was not necessary in litigating the instant action. This objection is not well placed. Counsel is expected to be at least aware of docket activity occurring in the case and considering the relatedness of the various Defendants' filings, Plaintiffs have not explained or substantiated their general objection to billing for time incurred reviewing filings by other Defendants.

Plaintiffs further object on the basis that Defendants bill for time spent on administrative and clerical tasks and include entries that do not provide sufficient detail to determine the reasonableness of the time expended. The line entries identified on Plaintiffs' exhibit objections do not, I find, suffer from either deficiencies. Again, focusing on time incurred by Mr. Figueroa, he billed for tasks including "prepare materials for evidentiary hearing" and "prepare and file notice of filing exhibits in compliance with court order." While filing or uploading exhibits may be clerical, the descriptions provided sufficiently describe the attorney's judgment in selecting exhibits before the hearing and confirming compliance with a court order after the hearing. These tasks are not clerical, and are properly included in the lodestar calculation.

Ultimately, I find that the reasonable number of hours incurred by counsel for Defendant Gretsas in pursuing his fees motion is 33.6 hours, resulting in a lodestar calculation of $7,358.40, which is the amount I recommend her recover here.

---

[4] I have included the time billed by Mr. Greenberg on the two days preceding the hearing (August 2nd and 3rd), which I understand from the timing of events most likely related to preparation to testify at the hearing.

### B. The Homestead Defendants' Motion for Attorney's Fees

The Homestead Defendants seek an award of attorney's fees in the total amount of $22,964.95.

#### 1. Reasonable Hourly Rate

The Homestead Defendants seek an award of attorney's fees for time incurred by attorneys Anne R. Flanigan, Esq., Matthew H. Mandel, Esq., and Matthew J. Pearl, Esq., all at a rate of $217.06. Plaintiffs do not object to the requested hourly rates, and the Court has previously found these rates to reasonable in this matter. The Court has considered the skill requisite to perform the legal services properly; the customary fee; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. The rate is reasonable.

#### 2. Reasonable Number of Hours Worked

The Homestead Defendants seek to recover fees for a total of 105.8 hours litigating the previous motion for attorney's fees and attending and preparing for the evidentiary hearing.

The Court has reviewed counsel's itemized time entries as invoiced for the time period of November 2, 2022, until September 28, 2023, to determine whether the number of hours expended was reasonable in light of the tasks performed. I have also considered Plaintiffs' specific objections. Having reviewed the time records and considering Plaintiffs' objections and Defendants' responses thereto, I recommend that the Homestead Defendants recover half of the fees incurred in pursuit of their fee motion.

Plaintiffs object to most of the line entries on Defendants' time records as vaguely described, block billed, related to administrative or clerical tasks; or duplicative of each other's

efforts. Plaintiffs also generally object to the Homestead Defendants seeking an amount of fees for fees that exceeds the amount of fees they recovered in defending the merits of the suit.

While I agree that some of the entries describe clerical tasks that do not justify an attorney's billing rate,[5] this is not the most significant issue apparent in counsel's time records. Rather, the majority of entries fail to adequately describe the work performed to enable the Court to determine the necessity of the work performed for the tasks, or the unique contribution of the biller. Defendants employed three different attorneys on the fee litigation, as noted above. Ms. Flanigan appears to have led the litigation, with 63 hours attributed to her; Mr. Mandel billed slightly more than half of her hours, at 37.6 hours. Mr. Pearl's unique contribution to this effort—5.2 hours in total—is particularly difficult to determine. Many of his entries provide only the vague description of "follow up on" issues regarding the motion for fees (or "review and analyze"). Collectively, none of his time entries are sufficient for me to understand his contribution to this part of the litigation, and I have not included his time in the calculation.

The other two billers, however, have provided enough description—not necessarily in each entry, but collectively across the time records—to inform me of their efforts in researching, drafting, redacting time records to submit to the Court as exhibits, and preparing for the evidentiary hearing; these tasks were necessary to the pursuit of the fees motion. What I can determine from the records leads me to two conclusions: the overall number of hours billed is unreasonably high, and the descriptions provided are inadequate to support such a high demand.

There are several patently duplicative time entries by the attorneys for the Homestead Defendants.[6] Alternatively, many of Mr. Mandel's time entries describe only that he was attending

---

[5] *See, e.g.*, (ECF No. 110-2 at 12) ("Draft witness list for hearing").
[6] Multiple billers, for example, billed for drafting the motion for attorney's fees and reply. (ECF No. 110-1 at 6, 8, 9). Both Ms. Flanigan and Mr. Mandel billed for strategizing their arguments for the motion (ECF No. 110-1 at 3).

to the motions; while that is not enough information to definitely say that he was duplicating Ms. Flanigan's efforts, the records reveal that she also billed on the same dates. As the party with the burden, Defendants have failed to demonstrate the number of hours billed by *both* attorneys was reasonable.

Rather than attempt to cut the entries by line, I recommend splitting the total number of hours billed by Ms. Flanigan and Mr. Mandel to account for the apparent duplicity in their efforts, which is not otherwise substantiated by descriptive time entries to justify both of their hours. The resulting number of hours—50.3—is reasonable for the tasks performed in pursuit of the fee award here. The Homestead Defendants are entitled to an award of 50.3 hours, or $10,918.19.

## III. RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendants' Motions for Supplemental Attorney's Fees (ECF Nos. 109, 110) be **GRANTED, in part**, and **DENIED, in part**. The undersigned further **RECOMMENDS** that Defendant Gretsas be awarded $7,358.40 in attorney's fees; and that the Homestead Defendants be awarded $10,918.19 in attorney's fees.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

Both Ms. Flanigan and Mr. Mandel billed for review of correspondence on the same date. (*Id.* at 4). Multiple attorneys billed for time to review the pleadings in this matter and the Court's Orders. (*Id.* at 4, 6, 13).

9

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida this 1st day of August, 2024.

                                              LAUREN F. LOUIS
                                              UNITED STATES MAGISTRATE JUDGE

cc:      Honorable K. Michael Moore
          Counsel of Record