UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21538-KMM

JAMES E. MCDONOUGH and
VANESSA LYNN MCDONOUGH,

    Plaintiffs,

v.

THE CITY OF HOMESTEAD, FLORIDA, *et al.*,

    Defendants.
_____/

### ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant George Gretsas's ("Defendant Gretsas") and Defendants City of Homestead, Chief of Homestead Police Alexander Rolle, Tom Mead, and Ricky Rivera's (the "Homestead Defendants") Verified Supplemental Motions for Attorney's Fees. (ECF Nos. 109, 110). The Court referred the Motions to the Honorable Lauren F. Louis, United States Magistrate Judge. (ECF No. 111). Magistrate Judge Louis issued a Report and Recommendation ("R&R") (ECF No. 118), recommending that the Motions be GRANTED, in part, and DENIED, in part. *See* R&R at 9. Plaintiffs objected to the R&R. ("Objs.") (ECF No. 119). Each Defendant filed a response to the Objection relevant to their specific Motion. *See* ("Gretsas Resp.") (ECF No. 121); ("Homestead Resp.") (ECF No. 120). The matter is now ripe for review.[1] As set forth below, the Court ADOPTS the R&R.

    **I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or

---

[1] The Court assumes familiarity with the facts and procedural history, which are set forth in the Report and Recommendation. *See* R&R at 1–2.

recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see Lopez v. Berryhill*, No. 1:17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge must "evaluate portions of the R & R not objected to under a clearly erroneous standard of review.").

## II.   DISCUSSION

The instant Motions come before the Court because Defendants seek compensation for expenses incurred while prosecuting the amount of the award of their previous attorney's fees Motions. R&R at 2. As set forth in the R&R, Magistrate Judge Louis recommends that Defendant Gretsas be awarded attorney's fees in the amount of $7,358.40 and the Homestead Defendants be awarded attorney's fees in the amount of $10,918.19. *See generally id.* Plaintiffs object to the R&R, arguing that (1) Defendants are not entitled to "fees-on-fees," (2) contrary to Magistrate

2

Judge Louis's previous findings, counsel is not entitled to supplemental fees because Defendants failed to "break down their billings between state and federal claims," and (3) the recommended fee amount should be reduced by a line-by-line reduction as Plaintiffs provide in their Response to each Supplemental Motion for Attorney's Fees. *See generally* Objs. Each of these objections has either been raised and rejected by the Court in ruling on Defendants' prior motions for attorney's fees, *see* (ECF No. 97) at 4–5, 7–9, or merely reflects displeasure with Magistrate Judge Louis's conclusions, absent any reference to a specific finding. Accordingly, the objections are deficient as the Court describes below.

First, Plaintiffs object to Magistrate Judge Louis's finding that Defendants are entitled to fees for litigating prior Motions for attorneys' fees, otherwise known as "fees-on-fees." Objs. at 7–8. This argument was previously rejected by both this Court in its Omnibus Order, *see* (ECF No. 97) at 7–8, and Magistrate Judge Louis's initial Report and Recommendation, *see* (ECF. No. 84) at 18–19. As the Court has repeatedly explained to Plaintiffs, binding precedent in the Eleventh Circuit dictates that fees-on-fees are allowed for litigating the amount of attorneys' fees. *See Norelus v. Denny's Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010) ("[W]e have allowed parties to recover the cost of establishing their right to, and the amount of attorneys' fees—the right to fees-on-fees."); *see e.g., Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1246 (11th Cir. 2003) (finding that the district court had erred in awarding no compensation for the time spent on a fee award in a case involving three supplemental filings following the original fee motion). As Defendant Gretsas aptly states, "simply restating the same arguments over and over is not a basis to overrule the Report's correct application of the law." Gretsas Resp. at 3. Plaintiffs' objection is denied.

Second, Plaintiffs argue that Defendants should be denied recovery of all supplemental fees because Defendants failed to "break down their billings between state and federal claims," and do not show which fees were "incurred solely due to the presence of the federal claims." Objs. at 7. Not only has the Court flatly rejected this argument, *see* (ECF No. 97) ("[Defendants] would not have had to defend against all claims in this action but for the Plaintiffs' frivolous federal claims"), but the relevance of this argument has no bearing on the R&R regarding supplemental fees incurred in litigating the underlying fee amount. The question of whether Plaintiffs' fees would have been incurred but for Plaintiffs' frivolous federal claims was relevant only to the underlying attorney fee award, currently on appeal before the Eleventh Circuit. *See* (ECF No. 98). Plaintiffs' objection is denied.

Lastly, Plaintiffs argue that Defendants' awards should be reduced by the same line-by-line reductions set forth in their Response to each of Defendants' respective supplemental motions. *See* Objs. 8–9. In the R&R, Magistrate Judge Louis meticulously reviewed the reasonable hourly rate, and the reasonable hours worked for each Defendant, and in doing so (1) denied certain hours attributed as to Defendant Gretsas with respect to a second attorney working on the matter, and (2) denied hours attributed as to the City Defendants, where certain billing entries failed to adequately describe the work and where the number of billed hours were excessive. *See generally* R&R. Plaintiffs acknowledge that Magistrate Judge Louis considered such deficiencies, yet merely quibble that the amounts were not reduced by more without any indication as to why the calculation of fees were incorrect. Mere displeasure is not a proper basis for an objection to a report and recommendation. *See Espaillat v. Saul*, No. 19-v-6107, 2020 WL 5087030, at *2 (S.D. Fla. Aug. 28, 2020) ("It is well settled that an objecting party may not 'submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers

4

submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report.'") (quoting *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)). Accordingly, Plaintiffs' objection is denied.

### III. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions (ECF Nos. 109, 110), the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 118) is ADOPTED. The Gretsas Motion and the Homestead Motion are GRANTED IN PART and DENIED IN PART. Defendant Gretsas is awarded **$7,358.40** in attorney's fees, to be paid to Defendant Gretsas's counsel. The Homestead Defendants are awarded **$10,918.19** in attorney's fees, to be paid to the Homestead Defendants' counsel.

DONE AND ORDERED in Chambers at Miami, Florida, this __26th__ day of September 2024.

K. M. Moore
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record